**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Criminal Action No. 21-cr-509 (TSC) |
| **ANTHONY VO**, | |
| Defendant. | |

---

<u>**PRETRIAL ORDER**</u>

1.  **TRIAL.**  Trial in this matter will begin on **February 6, 2023**, at **9:30 a.m.** in Courtroom 9.

2.  **PRE-TRIAL CONFERENCE.**  A pre-trial conference will be held on **January 19, 2023**, at **12:30 p.m.** by video teleconference.  The court will rule on all pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary.

3.  **SUPPRESSION MOTIONS.**  Any motions to suppress statements or tangible things shall be filed on or before **December 1, 2022**. Oppositions shall be due **December 14, 2022**. Replies shall be due **December 21, 2022**.  The court will schedule a hearing on the motion(s) as necessary.

4.  **PRE-TRIAL MOTIONS.**  All other pre-trial motions, excluding motions in limine, shall be filed on or before **December 1, 2022**.  Oppositions shall be due **December 14, 2022**.  Replies shall be due **December 21, 2022**.

5.  **FED. R. EVID. 404(b) NOTICE.**  Not later than **December 14, 2022**, the government shall provide notice of evidence it intends to offer pursuant to Fed. R. Evid. 404(b).

6.  **MOTIONS *IN LIMINE*.**  All motions *in limine* shall be filed on, or before, **December 7, 2022**.  Responses shall be filed not later than **December 21, 2022**.  Replies shall be due **January 5, 2023**.

7. **VOIR DIRE.**  Counsel shall—jointly to the extent possible—submit both a short narrative description of the case, to be read to the prospective jurors, and proposed voir dire questions on or before **January 9, 2023**.  The parties shall indicate (a) the descriptions and questions on which the parties agree; and (b) the descriptions and questions on which the parties disagree.

8. **PROPOSED JURY INSTRUCTIONS.**  Counsel shall file proposed jury instructions and a proposed verdict form—jointly to the extent possible—on or before **January 9, 2023**.  To the extent that they are pattern jury instructions from the current version of the Redbook, it is sufficient simply to list the numbers of those instructions.  Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction. Proposed instructions shall be filed on ECF.  The parties shall indicate (a) the instructions on which the parties agree; and (b) the instructions on which the parties disagree.

9. **_BRADY_ AND _GIGLIO._**  The Government is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (_Brady_) as it becomes available, whether or not admissible in evidence.  _Brady_ information must be disclosed on a rolling basis; "the duty to disclose is ongoing."  _Pennsylvania v. Ritchie_, 480 U.S. 39, 60 (1987).  To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (_Giglio_)—including _Lewis_ material—on or before **January 12, 2023**. _See United States v. Celis_, 608 F.3d 818, 835–36 (D.C. Cir. 2010). _Giglio_ obligations are also ongoing.  The Government may request a protective order to preclude counsel from sharing _Giglio_ information with their client.

10. **EXPERT WITNESSES.**  The parties shall disclose any expert witnesses accompanied by a brief description of each witness' area of expertise and expected testimony by **December 14, 2022**.

11. **EXHIBIT LISTS.**  The parties shall exchange lists of exhibits they intend to use in their cases-in-chief by **December 7, 2022**.  The parties shall file objections to the admissibility of exhibits to the extent practicable by **December 21, 2022**, and replies shall be due **January 5, 2023**.  All exhibits are to be marked in advance of trial and listed in order on the exhibit form

obtained from Courtroom Deputy Clerk.  The written list of exhibits must contain a brief description of each exhibit.  At the commencement of trial, counsel shall furnish the court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

12. **WITNESS LISTS.**  The parties shall exchange lists of witnesses in their cases-in-chief by **January 12, 2023**.  On that same date, the Government shall also provide to the defense all Brady or Giglio material not previously provided pertaining to each witness on the list. Counsel will not be absolutely bound by the witness lists or the sequence.  In some cases, security concerns may justify nonidentification of witnesses by the Government until shortly before they are actually called.  These situations, if any, shall be brought to the court's attention in camera when the witness list excluding those names is provided to defense counsel.

13. **JURY SELECTION.**  The court will summarize its jury-selection procedures at the pre-trial conference.

14. **COVID-19 PROTOCOLS.** The parties shall familiarize themselves with standing orders regarding court-wide COVID-19 protocols.[1]  Given the dynamic nature of the pandemic, the court will issue more specific instructions regarding masking and distance protocols for trial closer to the trial date.

Date: October 7, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] *See* dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements.