UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No.   21-cr-509 (TSC) |
| **ANTONY VO** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### UNOPPOSED MOTION FOR BRIEF CONTINUANCE OF TRIAL AND FOR MODIFICATION OF PRE-TRIAL RELEASE CONDITIONS

Antony Vo, through undersigned counsel, respectfully requests that the currently scheduled jury trial on February 6, 2023, be continued for two weeks, and that time be excluded under the Speedy Trial Act, 18 U.S.C. § 3161. In addition, Mr. Vo respectfully requests that the Court modify his pre-trial release conditions to allow him to travel outside of the continental United States. In support, the parties submit as follows:

1. On August 5, 2021, Mr. Vo was charged via Information with violations of 18 U.S.C. §1752(a)(1), and (2) , and 40 U.S.C. §5104(e(2)(D), and (G) for allegations arising out of conduct on January 6, 2021.  *See* ECF No. 8.

2. On July 26, 2021, Mr. Vo was placed on pre-trial release and ordered to abide by standard conditions. To this date, he has been compliant with all conditions. *See* ECF Nos. 7, 11, 17, 21.

3. On April 27, 2022, the Court scheduled a jury trial for November 14, 2022, with Jury Selection set to begin on November 9, 2022.

4. Due to a conflict in undersigned counsel's trial schedule, Mr. Vo requested a continuance of that trial date and a new date was set for February 6, 2023.

1

5. When choosing this new date, undersigned counsel mistakenly did not consult with Mr. Vo, who unbeknown to counsel, had a pre-planned trip scheduled from February 6-13, 2023. Mr. Vo booked and paid for this trip a while ago believing that his case would be over at that time.[1] When learning of the new trial date, Mr. Vo made many efforts to sell his ticket. He has been unable to do so.

6. In addition to this conflict, undersigned counsel has a felony trial that will proceed on January 23, 2023, which will likely last a week. A brief continuance in this matter will also give counsel enough time in between trials to adequately prepare and complete all pre-trial responsibilities.

7. The parties have conferred and the government has advised it does not oppose the request for a brief continuance. The parties propose that the Court re-set this trial for February 21 if available to the Court. The parties further request that the Court re-schedule the pre-trial deadlines contained in the current scheduling order. *See* ECF No. 37.[2]

8. Based on the above reasons, Mr. Vo requests that the Court grant a brief continuance of his trial.

9. In addition, Mr. Vo respectfully requests that he be permitted to travel on a pre-booked cruise that leaves Florida on February 6, 2023, and returns to the same port in Florida on

---

[1] Mr. Vo did not realize that even if placed on a period of supervision if convicted –that he would have to obtain similar permission to travel outside the continental United States.

[2] If amenable to the Court, the parties propose the following schedule: Pre-trial motions due December 29, 2022 with responses due January 12, 2023 and replies due January 19, 2023; Motions in limine due January 5, 2023 with responses due January 19, 2023 and replies due January 26, 2023; Parties to exchange exhibit lists on January 5, 2023 with objections due January 19, 2023 and replies due January 26, 2023; Notice of 404(b) evidence due January 12, 2023 as well as notice of experts; Voir dire proposals as well as proposed jury instructions and verdict form due February 3, 2023; government's Giglio disclosure due February 3, 2023; Witness lists to be exchanged by February 9, 2023; Pre-trial conference to be held on February 10, 2023.

February 12, 2023. This cruise will stop in the Dominican Republic and Turks and Caicos where passengers will leave the ship for several hours during the day and re-board at a pre-scheduled time to continue sailing.[3] Undersigned counsel has discussed this with Mr. Vo's pre-trial supervision officer who has advised he does not have an opposition to this request. Government counsel does, however, oppose the request to travel.

10. Mr. Vo does not pose a risk of flight as he has been in perfect compliance with his pre-trial release and does not have a history of failures to appear. He has been in prompt attendance at every court proceeding in this matter. Furthermore, this cruise makes brief stops at two Caribbean islands – requiring all passengers to re-board that same day.

11. The parties also request that time be excluded from calculation, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, until the date of the new trial.  The parties submit that a continuance is warranted and that an order excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §3161(h)(7)(A), (B)(i), (ii), and (iv).

WHEREFORE, Mr. Vo asks that this Honorable Court continue the currently scheduled jury trial in addition to permitting him to travel outside the continental United States.  Lastly, the parties request that the Court toll time under the Speedy Trial Act until the new trial date.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob

---

[3] A similar request was granted in *United States v. Timothy Hart*, 21-cr-540 (PLF), *See* ECF No. 35.

Assistant Federal Public Defender
D.C. Bar No. 1031486
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org

4