UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No.   21-cr-509 (TSC) |
| **ANTONY VO** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MOTION TO CONTINUE TRIAL

Antony Vo, through undersigned counsel, respectfully requests that the currently scheduled jury trial on June 12, 2023, be continued, and time be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161.  In support, Mr. Vo submits as follows.

On November 18, 2022, the Court granted a previous defense continuance based on counsel's scheduling conflicts and re-set trial for June 12, 2023. In the meantime, counsel for Mr. Vo has been diligently preparing for trial and has been continuing to review the voluminous amount of specific and common capitol case discovery.

Based on this diligent review, counsel for Mr. Vo has identified items that require further discovery requests from the government, including potential Brady material. Some of these discovery requests involve items that will have to be acquired from the Metropolitan Police Department. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (government has duty to learn of favorable evidence to the others acting on the government's behalf in the case, including the police). The current pre-trial scheduling order requires exhibits to be exchanged next week, on April 19, 2023. New discovery obtained from the government would likely have an impact on the potential defense exhibits.

1

In addition, counsel for Mr. Vo has identified potential witnesses and the need for more investigation has developed. Furthermore, Mr. Vo has expressed his desire to travel to Washington, D.C. in order to review his discovery in person. As the Court is aware, defendants are not permitted to access Evidence.com or Relativity freely and rely on counsel to identify items contained in those vast databases. Mr. Vo would like to sit down with counsel and use the Office of the Federal Public Defender's office space, under counsel's supervision, to navigate these databases. Doing so will take time in light of the defendant's need to travel. Mr. Vo continues to be in compliance with his pre-trial release conditions.

The parties have conferred and the government has advised it does generally oppose this request. However, the government is available in September, 2023, if the trial is to be re-scheduled and subject to the availability of the Court.

The parties also request that time be excluded from calculation, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, until the date of the new trial.  The parties submit that a continuance is warranted and that an order excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §3161(h)(7)(A), (B)(i), (ii), and (iv).

WHEREFORE, Mr. Vo asks that this Honorable Court continue the currently scheduled jury trial as well as order the parties to propose a new pre-trial scheduling order.  Lastly, the parties request that the Court toll time under the Speedy Trial Act until the new trial date.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

                                /s/                                
Maria N. Jacob
Assistant Federal Public Defender
D.C. Bar No. 1031486
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org