UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-509 (TSC) |
| ANTONY VO, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### DEFENSE MOTION IN LIMINE TO PRECLUDE INFLAMMATORY CHARACTERIZATIONS AT TRIAL

Mr. Vo, through counsel, moves the Court to preclude the government from using inflammatory language related to the events of January 6th. Such evidence is not relevant and thus inadmissible under Federal Rules of Evidence 401 and 402. Even if the Court deems any of this evidence relevant, such evidence should nonetheless be excluded under Rule 403 because any probative value is outweighed by a significant danger of unfair prejudice, confusing the issues, and misleading the jury.

### Background

In mostly every January 6 trial held thus far, the government has been introducing inflammatory language that paints all defendants with one broad stroke, such as "rioters and insurrectionists." The government and the media have portrayed the events of January 6 as an attempt to overthrow the government – and an attack on democracy itself.[1] As the Court is aware, a large portion of D.C.

---

[1] *See, e.g.,* Kevin McCoy & Kevin Johnson, *Investigators Signal Some Capitol Riot Suspects Could Be Charged with Conspiring to Overthrow U.S. Government*, USA Today, (Feb. 19, 2021), https://www.usatoday.com/story/news/2021/02/19/capitol-riot-did-conspirators-try-

residents either work for the federal government themselves or have friends or family who do. In several filings, the government has used the terms, "riot," "insurrection," or "attack" and other inflammatory terms to describe the events of January 6th.

Mr. Vo has not been charged with obstruction of justice, assault, seditious conspiracy, or any other crime that would support the notion that he "attacked" the capitol or was an "insurrectionist."

**Legal Standard**

Rule 401 mandates that evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and, the fact is of consequence in determining the action." Fed. Rule. Evid. 401. Irrelevant evidence is not admissible. Fed. Rule. Evid. 402.

Rule 403 prohibits evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed. Rule. Evid. 403. "Unfair prejudice" results when some potentially relevant evidence is designed to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997). It is well established that a court should "weigh the probative value of evidence in light of appropriate evidentiary alternatives." *Id.* at

---

overthrow-u-s-government/6750393002/; *see also The January 6 Attack on the U.S. Capitol*, American Oversight (Jan. 5, 2022), https://www.americanoversight.org/investigation/the-january-6-attack-on-the-u-s-capitol. ("Trump supporters having for weeks discussed openly their plans for a violent overthrow.").

182-185; *See also Henderson v. George Washington University*, 449 F.3d 127, 137 (D.C.Cir. 2006) ("The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact of other, non-prejudicial evidence").

"Pretrial consideration of evidentiary issues serves to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record." *United States v. De Armas Diaz*, No. 2:13-cr-00148-JAD-GWF, 2014 U.S. Dist. LEXIS 51850, at *1-2 (D. Nev. Apr. 14, 2014).

## Argument

### The Court Should Preclude Use of Inflammatory Labels

A federal district court has both the inherent authority and the duty to ensure that trials are conducted in a manner that protects a defendant's right to a fair trial. *See United States v. Marks*, 530 F.3d 799, 807 (9th Cir. 2008) ("District courts have broad power to ensure that a trial proceeds in a proper manner."). That authority includes preventing the use of language that casts the defendant, or others, in a negative light – particularly when it is irrelevant to the proceeding. *See* 20 Am. Jur. Trials 441 § 20 ("Expressions, names, nicknames, and the like, which are so sensitive that their use would be likely to stir up antagonistic feelings on the part of the jurors, ought to be removed from the case at the earliest opportunity. The damage they can inflict on a party's legal position may be irreversible even if they are used but once in front of the jury"). The authority also extends to ensuring that the jury is not confused by testimony or arguments that use terms that are misleading, ambiguous, or incomplete. *See United States v. DiVarco*, 484 F.2d 670,

675 (7th Cir. 1973) ("The district judge has a duty to see that the trial does not become confusing or repetitious.").

The government should not refer to Mr. Vo or any other individuals from that day as "rioters," "insurrectionists," "attackers," or any other inflammatory terms. These terms are highly prejudicial for several reasons. Firstly, Mr. Vo has not been accused of overthrowing or attacking the U.S. government. Secondly, these terms only serve the purpose of invoking emotional responses from the jury which will lead them to judge Mr. Vo unfairly rather than for his specific alleged conduct. In a recent January 6 trial, the Honorable John D. Bates ordered that the government use caution with the use of the word "insurrectionist," suggesting it may be inappropriate in a case to describe the defendant who was charged with Obstruction of an Official Proceeding and misdemeanor trespass. *United States v. Alexander Sheppard*, 21-cr-203 (JDB), Memorandum Opinion, ECF no. 66. Based on this ruling, the government in *Sheppard* agreed not to use the word "insurrection" and "attack" to describe the events in order to avoid the potential for prejudice.

Lastly, such terms are inadmissible hearsay and conclusory. Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c).  There is no hearsay exception applicable to such terms.  These terms are clearly the government's opinion and the government cannot provide opinion testimony through lay witnesses or expert witnesses, when jury must determine the facts. *See United States v. Johnson*, 529 F.3d 493, 497-99 (2d Cir. 2008) (finding it impermissible for government witnesses to make "sweeping

conclusions about the defendant's activities"); *See also United States v. Benitez-Avila*, 570 F.3d 364, 368-69 (1st Cir. 2009) (government not permitted to choose "a more seductive narrative structure for the presentation of the evidence of guilt" to convert prejudicial and otherwise inadmissible evidence into admissible evidence).

## Conclusion

For the foregoing reasons, the Court should preclude the government from introducing irrelevant and prejudicial evidence or inflammatory characterizations at Mr. Vo's trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____
Eugene Ohm
Kate Adams
Assistant Federal Public
Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
