**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-509 (TSC)** |
| | ) | |
| **ANTONY VO,** | ) | |
| | ) | |
| **Defendant** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## DEFENSE OMNIBUS RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE

Mr. Vo, through counsel, submits this omnibus response to the government's Omnibus Motion in Limine. ECF No. 67 ("Gov. Mot."), the Government's Motion in Limine to Exclude Entrapment Related Defenses and Arguments and Evidence about Alleged Law Enforcement Inaction, ECF No. 68, and the Government's Motion in Limine Regarding Authentication of Video and Cellphone Evidence, ECF No. 69. The defense submits that most of the government's requests are premature and concern rules of evidence at trial that bind both parties – leaving no need for a pre-trial ruling.

### Gov. Motion in Limine No. 1:
### To Limit Unnecessary Discussion of Security Related Topics

The government seeks to preclude the defense from first discussing the exact locations of CCTV footage in the Capitol building. The defense does not intend on eliciting such testimony. However, being unaware of the government's presentation of evidence, the defense cannot foreclose the possibility it will become relevant on cross-examination. The defense will let the government and the Court know if it

1

intends on eliciting such testimony based on any new development.

Secondly, the government seeks a ruling that would preclude evidence concerning "the protocols of the U.S. Secret Service ("USSS")." Gov. Mot. at 1. Specifically, the government seeks to limit the defense's cross examination of their Secret Service witness to questioning the agent just about his/her duty to protect the Vice President and his family. *Id*. at 5. The government seeks to exclude, however, testimony about USSS protocols related to "the locations where protectees or their motorcades are taken at the Capitol or other government buildings…..and details about the nature of USSS protective details." *Id*. at 6.

It is a little unclear exactly what the government is asking for but to the extent that it seeks to preclude any information about any details of the location of former Vice President Pence, its request should be denied as it was previously denied by the court in *U.S. v. Griffin*, 21-cr-92 (TNM), ECF No. 92. In *Griffin*, the government sought a similar exclusion and the court ruled that the defense was permitted to probe the USSS witness as to the location of Mike Pence and that any security related concern by the government did not override the defendant's sixth amendment rights. *Id*. (citing *United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness is to the government's case, the more important the defendant's right….to cross-examine the witness)). *See also U.S. v. Thomas Webster*, 21-cr-208 (APM), ECF No. 75 (court also allowing defense to cross-examine USSS about location of former Vice President at the times relevant to the defendant's charges).

As the court in *Griffin* explained, this information is directly relevant to whether or not the defendant was entering or remaining a restricted area where the Vice President was temporarily visiting. An attempt to preclude cross-examination on that point would violate Mr. Vo's Sixth Amendment right to be confronted with the witnesses against him. As to the other government requests to preclude questioning on (1) other buildings where emergencies occur - where the motorcades are taken in those situations, and (2) details about the number and types of agents the Secret service assigns to protectees – Mr. Vo does not anticipate questions of this nature. However, if it becomes relevant based on the government's presentation of evidence, the defense will let the Court know.

### Gov. Motion in Limine No. 2: To Preclude Defendants from Arguing or Commenting in a Manner that Encourages Jury Nullification

Here, the government again insults the defense in asking the Court to preclude them from engaging in conduct they are not permitted to do. What is most insulting is that the defense has not indicated they will engage in impermissible behavior such as suggesting jury nullification. The defense will abide by the rules of evidence and their obligation to conform to the Rules of Ethics and have given no indication otherwise.

### Gov. Motions in Limine Nos. 3-4: To Admit Defendant's Out of Court Statements and to Preclude the Defendant's Use of his Own Out of Court Statements

The government continues to remind the defense of the Rules of Evidence they are already aware of by asking the Court to preclude them from introducing Mr. Vo's out of court statements as such statements would be Inadmissible

Hearsay. Mr. Vo understands this framework, however Federal Rule of Evidence 106, the "Rule of Completeness," is not as limited as the government suggests in its motion.

In response to certain abuses in the adversary system where the government would quote the defendant out of context during an admission of a statement by party opponent, the common law responded by creating the "completeness doctrine." 21A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence §5072 (2d ed. 2005). This rule mandated that "in evidencing the tenor of an utterance material or relevant, made in words, whether written or oral in original or in copy, the whole of the utterance on a single topic or transaction must be taken together." *Id*.

The common-law doctrine of completeness has been partially codified by Federal Rules of Evidence 106, which states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 154-55 (1998) (describing the rule as preventing prejudice arising from distorted or misleadingly excised evidence, by allowing the introduction of supplementary material which enables the factfinder to determine the full context in which the originally offered statement appeared). *See also United States v. Moussaoui*, 282 F.3d 453, 481 (4th Cir. 2004).

The Advisory Committee Note to Rule 106 noted that this rule prevents statements being taken out of context and recognized that the error often cannot be fixed on cross-examination and that by that time the damage done is irreversible. Fed. R. Evid. 106 advisory committee's note to 1972 proposed rules (citation omitted). The government may not introduce portions of a defendant's statement to police if those portions fail to convey the "thrust" of the whole statement or do not give the jury a complete understanding of the total tenor and effect of the statement. *Andrews v. United States*, 922 A.2d 449 (D.C. 2007) (*citing Beech Aircraft v. Rainey*, 488 U.S. 153, 170 (1988)).

Given the fact that Rule 106 does not give guidance on what must be shown to satisfy the requirement that complete information be given and does not discuss how to deal with oral conversations, courts have been split on how to fairly interpret the fairness clause. The Seventh Circuit has identified a four-part test to determine whether incomplete evidence was taken out of context:

> The test is conjunctive. Once relevance has been established, the trial court then must address the second half of the test, and should do so by asking (1) does it explain the admitted evidence, (2) does it place the admitted evidence in context, and (3) will admitting it avoid misleading the trier of fact, and (4) will admitting it ensure a fair and impartial understanding of all of the evidence.

*United States v. Velasco*, 953 F.2d 1467, 1744-75 (7th Cir. 1992). With regards to oral statements, a blanket rule of prohibition is "unwarranted, and invites abuse," and the factors in *Velasco* provide the Court with a solid test to determine each statement's admissibility on a case by case basis. *United States v. Bailey*, 322 F.Supp.3d 661, 670 (D. Md. May 25, 2017) (disputes about the content of an oral

statement do not justify the government being able to introduce out of context inculpatory statements with no recourse to the defendant).

Rule 611 is connected to Rule 106 because it mandates that "the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as: (1) to make those procedures effective for *determining the truth*…" Fed. R. Evid. 611(a). (emphasis added).

The D.C. Circuit court has rejected the notion that the rule against hearsay cannot be overcome by the need to complete the record under Rule 106. *See United States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986). Indeed, the government acknowledges in its motion that the Rule of Completeness provides an exception to the Rule against hearsay when the statements elicited by the government are taken out of context – thus requiring the government to also elicit exculpatory statements contemporaneously to provide the full and accurate picture. However, the rule is not "limited" as the government suggests. The Court in *Bailey,* in a thorough opinion by Judge Grimm, flatly rejected the notion that the defense cannot introduce parts of the defendant's statements the government omitted in its direct examination as the government is now trying to prohibit Mr. Vo from doing. The Court in *Bailey* explained the injustice that would result:

> If he is unable to introduce the parts of his statement that the government omitted at the same time that the incomplete version is presented to the jury (or instead very shortly thereafter on cross examination, or even later during his own case) because the court rules that the omitted parts are inadmissible hearsay or (if the statement was an oral one) that Rule 106 is inapplicable to oral statements, then he has only two remaining options: (1) allow the misleading version to stand unchallenged; or (2) waive his rights against self-incrimination

> and testify – but only after the government has completed its case.
> This is a high price to pay to correct misleading information.

*Bailey*, 322 F.Supp.3d, 661 at 674. The Court in *Bailey* emphasized that Rule 106

should be considered in conjunction with Rule 611 and Rule 403 to fulfill the true

purpose of the Rule of Completeness:

> If one accepts, as the language of the Rule requires, that Rule 106 may
> only be invoked in the first place to correct an unfair representation of
> incomplete information, then construing Rule 106 the way that many
> courts have done *countenances an abuse of the adversary system that
> the common-law rule of completeness was designed to prevent*. That is
> why the better-reasoned cases have held that, where necessary to
> redress an unfairly incomplete rendition of a written, recorded or oral
> statement, evidence that would otherwise be inadmissible may be
> introduced.

*Id.* (emphasis added). Thus, the government's proposition that the Court should

preclude Mr. Vo from introducing his out of court statements is premature and does

not take into account the many reasons those statements would be permitted to

create a fair balance and present an accurate picture to the jury.

**Gov. Motion in Limine No. 5: To Admit Certain Statutes and Records**

The government requests that the Court take judicial notice of the Federal

Electoral Certification Law as well as Congressional Records. Mr. Vo does not object

to the Court solely taking judicial notice of established law and public records as

long as admission of these items is done in a manner so as not to suggest that

simply admitting these items means that the "official proceeding" element of 18

U.S.C. §1512(c)(2) has been met. The government must still prove that the Electoral

Vote Count on January 6, 2021, was an "official proceeding" under the meaning of

the statute. Therefore, the defense consents to a jury instruction that would take

judicial notice of the above, however would still instruct the jury that it must consider still whether or not the government has proved each element, including whether or not the vote count was an official proceeding.

### Gov. Motion in Limine
### To Preclude Defendant from Arguing by Estoppel, Public Authority, or Entrapment (ECF No. 68)

Mr. Vo has not noticed the affirmative defenses noted by the government and therefore does not intend on presenting these defenses. However, Mr. Vo may potentially raise evidence regarding the actions or inactions of law enforcement personnel as such information is certainly relevant to his intent that day. *See Cheek v. U.S.,* 498 U.S. 192 (1991) ("forbidding a jury to consider evidence that might negate willfullness would raise a serious question under the Sixth Amendment"). The government's proposition that the Court should preclude Mr. Vo from introducing any evidence of law enforcement action is both contrary to law and premature.

### Gov. Motion in Limine
### Regarding Authentication of Video and Cellphone Evidence (ECF No. 69)

The government also asks the Court to rule on the authenticity of certain of its exhibits for trial. *See* United States' Motion in Limine Regarding Authentication of Video and Cellphone Evidence, ECF No. 69. To the extent the government seeks to preemptively authenticate open-source videos and images, this motion should be denied. Several of the open-source videos the government seeks to authenticate appear to be taken on wide-angle lenses, or otherwise show distorted footage, and therefore cannot be said to be a fair and accurate depiction of the events of January 6, 2021. *See, e.g.*, Gov't Exhibit 604. Moreover, while the government asserts that

these open-source videos can be authenticated pursuant to Federal Rule of Evidence 901(b)(3) by asking the jury to compare them with other, authenticated exhibits, in reality the open-source videos do not overlap entirely with other videos and images the government will present, and therefore cannot be fully authenticated through those means.

## <u>Conclusion</u>

For the foregoing reasons, the Court should partially deny the government's motions in accordance with the above arguments.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Kate Adams
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500