UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 21-cr-509 (TSC) |
| **ANTONY VO,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### DEFENSE'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION IN LIMINE TO PRECLUDE INFLAMMATORY CHARACTERIZATIONS AT TRIAL

Mr. Vo has moved this Court to preclude the government from using inflammatory language related to the events of January 6th in order to ensure that he receives a fair trial. In its opposition, the government demonstrates determination to use inflammatory terms such as "riot," "insurrection," or "attack" and other prejudicial terms to describe what others did on January 6th. The government's argument focuses on the theory that Mr. Vo's alleged crimes are a "collective action" and that his knowledge of the "collective riot bears on his *mens rea* for each of the charged offenses." ECF No. 74 at 2. But Mr. Vo has not been charged with obstruction of justice, assault, seditious conspiracy, or any other crime that requires the government to prove that he intended "the effects of the riot" or "why the certification of the Electoral College vote was suspended." ECF No. 74 at 3. This trial is limited to whether he willfully and knowingly disrupted proceedings and whether he did so in a restricted area. Evidence and particularly descriptors of the acts and intent of others around him are thus irrelevant to the issues

1

confronting the jurors in this case.

**Argument**

The government argues that "general evidence of the events of January 6th and the actions of other rioters at the Capitol is relevant" but does not articulate the elements to which those actions are relevant. And the government assurances that it "does not anticipate making areas of the Capitol the defendant did not go a focus of the trial" misses the point of the relevance standard. What other individuals were doing at the other side of the Capitol is not relevant to Mr. Vo's case at all and should be barred. And even if they are minimally probative, that value is substantially outweighed by the inordinate prejudice to Mr. Vo. Fed. R. Evid. 403.

Mr. Vo is charged with four offenses by information and, according to that Information, the government is required to prove the following.

I. Entering or Remaining in a Restricted Building or Grounds

- That the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
- That the defendant did so knowingly.

II. Disorderly Conduct in a Restricted Building or Grounds

- That the defendant engaged in disorderly or disruptive conduct in, or in proximity to any restricted building or grounds;
- That the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of government business or official functions; and

- That the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of government business or official functions.

III. Disorderly Conduct in a Capitol Building or Grounds

- That the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds;
- That the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of a committee or either House of Congress; and
- That the defendant acted willfully and knowingly.

IV. Parading, Demonstrating, or Picketing in a Capitol Building

- That the defendant paraded, demonstrated and picketed in any United States Capitol Building; and
- That the defendant acted willfully and knowingly.

Notably absent from the elements of the charged offenses are any requirements that Mr. Vo entered into an agreement to commit any crime or that Mr. Vo incited or advocated insurrection. Because Mr. Vo is not charged with these offenses, the government need not prove that Mr. Vo obstructed an officer during a civil disorder or that Mr. Vo obstructed the administration of counting of the electoral votes. Mr. Vo is not charged with Seditious Conspiracy, which

3

criminalizes insurrection or Civil Disorder, which criminalizes rioting or Obstruction of Justice, which criminalizes entering the Capitol for the purpose of stopping the electoral certification.

The concern for jury confusion here is significant. The jury, already bombarded by news of malfeasance by the worst actors of January 6th, will likely and impermissibly conclude that Mr. Vo was guilty of these uncharged acts by mere association. Even the government's pleading previews the argument that Mr. Vo had the same intent as the worst actors inside the Capitol.[1] This concern is further amplified by the steady stream of negative commentary within local and national media grouping all of the January 6th protestors with Proud Boys and Oathkeepers – some of whom have been convicted at highly publicized trials.

The government also contends that the "defendant's actions alongside so many others, the riot likely would have failed to delay the certification vote." ECF No. 74 at 3. Again, whether the certification vote was delayed or stopped is irrelevant to the charges against Mr. Vo. He is charged with trespassing offenses and the impact of his presence upon law enforcement or upon the members of Congress has no place in the jury's deliberation in its factfinding function.

Lastly, the breadth of the government's proposed relevance standard in this case would also apply to the Defense's case. In other words, if the violent actions of some individual unknown to Mr. Vo is relevant because "law enforcement could not

---

[1] The government has not proffered any evidence that Mr. Vo shared the intent of any of the other individuals who entered the U.S. Capitol on January 6th.

predict who would act violently" then any communications from law enforcement to people inside the Capitol would be similarly relevant. The media has reported many instances where officers provided encouraging words to individuals entering the Capitol on January 6th. To the extent that the "collective" mindset of other individuals bears on Mr. Vo's *mens rea*, that collective would include any potentially exculpatory information gathered prior to January 6th and police interaction with any of the individuals involved in January 6th.

## Conclusion

For the foregoing reasons, the Court should preclude the government from introducing irrelevant and prejudicial evidence or inflammatory characterizations at Mr. Vo's trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Kate Adams
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500