UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-509 (TSC) |
| | : | |
| ANTONY VO, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OBJECTION TO CERTAIN PROPOSED DEFENSE EXHIBITS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this objection to the defendant's proposed admission of five video clips, Defense Exhibits 2, 3, 4, 5, and 11.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 16, 2023, the defendant filed his proposed exhibit list. Doc. 76. The list includes Defense Exhibits 2, 3, 4, 5, and 11, which are five video clips titled MPD-005-00000032 through MPD-005-00000036 (the "Videos"). The Videos were produced to the defendant by the government and uploaded to the Relativity discovery database for January 6 cases in January 2022. The government designated the Videos as Sensitive pursuant to the Protective Order governing discovery in the January 6 cases.

The five Videos occur in sequence of one another and were captured by a GoPro camera worn by a plain clothed Metropolitan Police Department ("MPD") officer. The officer was part of MPD's Electronic Surveillance Unit ("ESU") and was stationed at the Capitol in an evidence-gathering capacity on January 6, 2021.

In the Videos, the officer begins filming near Constitution Avenue and 3rd Street NW as he walks towards the West Plaza on the Capitol Grounds. From there, the officer makes his way

up the stairs just north of the inaugural stage to the Upper West Terrace of the United States Capitol. The officer continues north and exits the Terrace at the North Walkway. Throughout the video, the officer makes several statements to other rioters.

The Videos capture the officer shouting words to the effect of "Go! Go! Go!" (MPD-005-000035 at time stamp 2:37), "Go! Go! Go!" (MPD-005-000035 at time stamp 7:23), and "Keeping going! Keep going!" (MPD-005-000035 at time stamp 8:16) apparently to the individuals in front of him on the balustrade of the U.S. Capitol's northwest staircase around 2:15 p.m. At other times in the Videos, the officer and the two other plain clothes officers with him appear to join the crowd around them in various chants, to include "drain the swamp," "U.S.A.! U.S.A.! U.S.A.!", and "whose house? Our house!"

Despite the Sensitive designation of these materials under the Protective Order, these materials have been the subject of public reporting, including video clips of some of the MPD ESU footage. On March 25, 2023, despite the Protective Order, relevant clips identifying the officers by number and adding closed captioning were publicly posted to the internet. The most-viewed post in the thread containing these materials has been watched nearly 75,000 times. In addition to the thousands of views that they received in their native form, this footage was extensively retweeted; one January 6 defendant reposted ESU video in a Twitter thread with more than 32,000 views. They have also been publicly reported on in The Epoch Times. *See* Joseph M. Hanneman, "Undercover DC Police Officer Pushed Protesters Toward Capitol," THE EPOCH TIMES, February 18, 2023, available at https://www.theepochtimes.com/undercover-dc-police-officer-pushed-protesters-toward-capitolclimbed-over-barricade-courtfiling_5067663.html?utm_source=partner&utm_campaign=ZeroHedge&src_src=partner&src_cmp=ZeroHedge.

Although the defendant here has not articulated a particular theory of the Videos' relevance

to this case, other January 6 defendants have attempted to admit these Videos as evidence or disclose them to the public under an "agent provocateur" or "undercover provocateur" theory. *See, e.g.*, *United States v. United States v. Pope, et al.*, D.D.C. Case No. 21-cr-128-RC (Doc. 81 at 14); *see also id.* (Doc. 72 at 22-24; Doc. 82 (Motion to Remove Designation of 'Sensitive' From Undercover MPD Videos and Release Them to the Public), 90, 94, 95, 100, 101, 102, 103, and 107).

## ARGUMENT

Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020).

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

1. **The Videos are not admissible to establish an "agent provocateur" theory.**

The Videos are not admissible to establish an "agent provocateur" theory as has been suggested by other January 6 defendants and by certain media organizations. Should they be admitted, the introduction of the Videos could only suggest, without support, that "agent provocateurs" nefariously planned or approved of the riot that took place on January 6, 2021. Even if that outlandish notion were true, such an unsupported theory could in no way exculpate the thousands of individuals who descended on and trespassed on the Capitol building and grounds and committed various other crimes in the process. Put simply, this narrative does not fit in this

case.

More specifically to this case, the actions of the officers depicted in the videos had no impact on this defendant. There is no evidence that the defendant was near enough to the officers to have heard what they said, or if he was, that he in fact relied on what they said. There has been no suggestion that the defendant appears in any of the Videos. And while the defendant's presence in a particular piece of video evidence is not a touchstone for relevance (indeed, the government intends to introduce exhibits in which the defendant is not directly depicted), some factual nexus must exist between the proposed evidence and the case at hand. Such a nexus does not exist between these Videos and this case.

The fact that the officers were in plain clothes further undercuts any argument that the defendant, or any other rioter in the crowd, could have relied on the officers' statements to believe that his presence was permitted on the Capitol building and grounds. There has been no suggestion that the defendant had any knowledge on January 6 that the officers were, in fact, law enforcement officers. Without such a showing, the Videos provide no evidence to support an entrapment theory and are not relevant.

Moreover, the government has already moved *in limine* to preclude the defendant from arguing that he was entrapped by law enforcement officials. *See* Doc. 68, Government's Motion *in Limine* to Preclude Entrapment Related Defenses and Arguments and Evidence About Alleged Law Enforcement Inaction. The rationales in that motion apply particularly to the Videos at issue here. Because the defendant cannot meet his threshold legal burden to establish the availability of an entrapment defense, he is precluded from adducing evidence to support it at trial. *See* Doc. 69 at 22-32.

Further, the defendant has not notified the government that he intends to rely on a public

authority defense, as is required by Rule 12.3 for any criminal defendant who intends to present such a defense at trial. Without having provided the requisite notice of such a defense, the defendant is barred from presenting such an argument to the jury. He also is prohibited from presenting evidence in support of such a theory—including the Videos—at trial.

**2.     To the extent the Videos are admissible for another purpose (which the defendant has not articulated) the defendant should be required to proffer his theory of admissibility prior to the admission of the Videos, outside the presence of the jury.**

Arguably, other avenues of relevance may exist for the Videos. But the defendant has so far made no suggestion as to what those might be, and the most obvious ones don't work. The Videos could be used to impeach the filming officers if they testified for the government to show bias. These officers, however, are not expected to testify at this trial because there is no evidence that they spoke to or influenced the defendant, and thus would not have relevant testimony to provide. The defendant might seek to admit the Videos to show the path that he took to the Capitol. But the Videos are cumulative of the swaths of other available evidence, including photos and videos from the defendant's own cellphone.

To the extent the defendant can formulate some other basis for the Videos' admission, the Court should require him to make a proffer of that theory prior to discussing the Videos in the presence of the jury. Without such a proffer, a substantial risk exists that the Videos will confuse the jury, or worse, that they will unfairly prejudice the prosecution in this case by suggesting to the jury that law enforcement officials or members of government countenanced the events of January 6. *See* Fed. R. Evid. 403.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Lynnett M. Wagner*
       LYNNETT M. WAGNER
       Nebraska Bar No. 21606
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Tel: (402) 661-3700
       Email: lynnett.m.wagner@usdoj.gov

And:   */s/ Eric Boylan*
       Eric Boylan
       Texas Bar No. 24105519
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Email: eric.boylan@usdoj.gov