ATTACHMENT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-CR-509 (TSC) |
| : | |
| ANTONY VO, : | |
| : | |
| Defendant. : | |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties request the following jury instructions.

A.  **Jointly Proposed Jury Instructions**

  I.  **Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial. Specifically, the parties propose the following instructions:

  II.  **Preliminary Instructions**

   1. Preliminary Instruction Before Trial 1.102

   2. Preliminary Instruction when Notetaking is Permitted 1.105A

   3. Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed 1.107

   4. A Juror's Recognition of a Witness or Other Party Connected 1.108

  III.  **Anticipated Instructions During Trial**

   1. Cautionary Instruction on the use of the Internet and Publicity 1.202

  IV.  **Final Instructions**

   1. Note Taking by Jurors, Redbook 1.105B

  2.  Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

  3.  Function of the Court, Redbook 2.101

  4.  Function of the Jury, Redbook 2.102

  5.  Jury's Recollection Controls, Redbook 2.103

  6.  Evidence in the Case, Redbook 2.104

  7.  Statements of Counsel, Redbook 2.105

  8.  Presumption of Innocence/Burden of Proof, Redbook 2.107

Defense[1][2] requests the following modification:

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Vo to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. Vo is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has

---

[1] The current version of the Redbook reads: "On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, *it is your duty* to find [Mr. Vo] not guilty of that offense." Mr. Vo requests a previous version of the Redbook, substituting the words "you must" for "it is your duty to" in the quoted sentence. The instruction was changed in April 2008, apparently simply to make the language parallel – "duty to find him guilty" and "duty to find him not guilty." However, the responsibilities are not parallel. It is not merely a duty, but an absolute requirement to find Mr. Vo if the government fails to meet its burden – the jury *must* find him not guilty. *See United States v. Pierre*, 974 F.2d 1355 (D.C. Cir. 1992) (approving of instruction providing that it was jury's *duty* to convict if proof beyond a reasonable doubt and *must* find not guilty if no proof beyond a reasonable doubt).

[2] The government objects to the defense's proposed change to the Redbook instruction. The Redbook instruction properly and fairly describes the jury's duties and should not be altered for this case.

failed to prove any element of the offense beyond a reasonable doubt, ***you must*** find Mr. Williams not guilty of that offense.

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not to Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's *or Law Enforcement Official's* Testimony, Redbook 2.207

(*as adapted to include the phrase "or law enforcement official" after each instance of the phrase "police officer" in the Redbook charge*)

16. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

Should Mr. Vo choose not to testify, the Defense requests the following modification.[3]

    Every defendant in a criminal case has an absolute right not to testify. Mr. Vo, with the advice of his counsel, has chosen to exercise his right to remain silent. You must not hold this decision against him. There are many reasons entirely consistent with innocence for which a person may decide not to testify. It would be improper for you to speculate as to the reason or reasons for his and his counsels' decision and I, therefore, instruct you not to do so. You may not even discuss this matter during your deliberations. Most importantly, you must not draw any inference of guilt from their decisions not to have Mr. Vo testify and not to call witnesses, because he is presumed innocent and remains innocent unless and until the government proves guilt beyond a reasonable doubt. You must not assume the defendant is guilty because he chose not to testify.

From *United States v. Williams*, 20-cr-88 (JMC).

---

[3] The government objects to the defense's proposed addition. The proposal adds verbiage that is not present in the Redbook instruction, is unsupported by case law, and is unnecessary here.

3

17. False or Inconsistent Statement by Defendant, Redbook 2.210 *as applicable*

18. Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216, *as applicable*

19. Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217, *as applicable*

20. Statements of the Defendant – Substantive Evidence, Redbook 2.305

21. Transcripts of Tape Recordings, Redbook 2.310, *as applicable*

22. <u>Count One</u>: Entering or Remaining in a Restricted Building, 18 U.S.C. § 1752(a)(1) [*see proposal below*]

    a. Elements

    b. "Restricted Building or Grounds"

    c. "Person protected by the Secret Service"

    d. "Knowingly"

23. <u>Count Two</u>: Disorderly or Disruptive Conduct in a Restricted Building, 18 U.S.C. § 1752(a)(1) [*see proposal below*]

    a. Elements

    b. "Disorderly conduct "

    c. "Disruptive conduct"

24. <u>Count Three</u>: Violent Entry or Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D) [*see proposal below*]

    a. Elements

    b. "Capitol Buildings"

    c. "Capitol Grounds"

      d.    "House of Congress"

      e.    "Orderly Conduct of a Session of Congress or either House of Congress"

      f.    "Willfully"

25.    <u>Count Four</u>: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G) [*see* proposal below]

      a.    Elements

      b.    "Parade"

      c.    "Picket"

      d.    "Demonstrate"

26.    Proof of State of Mind, Redbook 3.101

27.    Number of Witnesses 2.111

28.    Multiple Counts – One Defendant, Redbook 2.402

29.    Unanimity—General, Redbook 2.405

30.    Verdict Form Explanation, Redbook 2.407

31.    Redacted Exhibits, Redbook 2.500

32.    Exhibits During Deliberations, Redbook 2.501

33.    Selection of Foreperson, Redbook 2.502

34.    Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

35.    Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

36.    Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 19**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING[4]**

18 U.S.C. § 1752(a)(1)

Count One of the Superseding Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

The defense requests the following instruction for the elements of Count One

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First,* that the defendant entered or remained in a restricted building or grounds.
*Second,* that the defendant did so without lawful authority.
*Third,* that the defendant did so knowingly.
*United States v. Gossjankowski,* 21-cr-123 (PLF) ECF No 166 at 33-34.[5]

---

[4] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For a January 6 case using this instruction, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

[5] The government objects to this proposed change by the defense, and the similar proposed change to Instruction 20 regarding 1752(a)(2), both of which seek to add additional elements to the instructions. These changes are inconsistent with jury instructions given in a multitude of other January 6 trials. The government's proposals seek to provide consistency across all January 6 trial.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service [– here Vice President Pence] is or will be temporarily visiting.

[The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President].[6]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did [or][,] said[, or perceived].[7]

The Defendant objects to the term "perceived" as it diverges from the Red Book Instruction.

---

[6] The government objects to this proposed change by the defense to strike the specific definition of "person protected by the Secret Service.". As a matter of law, this is incorrect—the Vice President's immediate family are also protected by the U.S. Secret Service, including, as applicable here, Vice President Pence's wife and daughter who were with him in the U.S. Capitol building on January 6.

[7] "Perceived" is appropriate here. A person's mental state is readily ascertainable based on their perceptions and the jury could properly infer what the defendant "knew" on the day in question based on evidence of what he saw, heard, and felt.

Proposed Instruction No. 20

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING[8]

18 U.S.C. § 1752(a)(2)

Count Two of the Superseding Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

[9]First, the defendant engaged in disorderly or disruptive conduct

[Second, that the conduct was] in, or in proximity to, any restricted building or grounds.

[~~Second~~][Third], the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

[~~Third~~][Fourth], the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[10] Disorderly conduct includes when a person acts in such a manner as to cause another

---

[8] 18 U.S.C. § 1752. For a January 6 case using this instruction, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7).

[9] Defendant has proposed making this into a four element test, rather than a three element test. The United States objects to this change and the first element should read "First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds."

[10] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' Black's Law Dictionary (9th ed. 2009); *see also* 'Disorderly,' Oxford English

person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[11]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[12]

The terms "knowingly" and "restricted building or grounds" have the same meanings described in the instructions for Count One.

---

Dictionary (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").
[11] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27).
[12] Redbook 6.643.

Proposed Instruction No. 21

DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS[13]

40 U.S.C. § 5104(e)(2)(D)

Count Three of the Superseding Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

[~~The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.~~][14]

[~~The "Capitol Grounds" includes the area depicted in Government's Exhibits 201~~.][15]

---

[13] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

[14] The United States objects to Defendant's proposed striking of the defined terms "Capitol Buildings", "Capitol Grounds" and "House of Congress." The term "Capitol Buildings" is defined by statute. *See* 40 U.S.C. § 5101 ("In this chapter, the term "Capitol Buildings" means the United States Capitol…").

[15] The government proposes the following alternative definition for "Capitol Grounds":

> The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia, which

[~~The term "House of Congress" means the United States Senate or the United States House of Representatives.~~]

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

The term "knowingly" has the same meaning described in the instructions for Count One.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

The Defense objects to these instructions for "Capitol Buildings", "Capitol Grounds" and "House of Congress" as they are not legal definitions but facts that must be established by the government.

---

is Government's Exhibit 222. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

Proposed Instruction No. 22

PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[16]

40 U.S.C. § 5104(e)(2)(G)

Count Four of the Superseding Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, [intentionally][17] impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[18]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings" and "willfully" have the same meaning described in the instructions for Count Three.

---

[16]  *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).
[17] The government objects to this proposed addition from the defense, which adds to and distorts the *mens rea* requirement already described in the second element of the offense.
[18]  *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).