**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-509 (TSC)** |
| **v.** | : | |
| | : | |
| **ANTONY VO,** | : | |
| | : | |
| **Defendant.** | : | |

# GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO GOVERNMENT EXHIBITS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Defendant's Objections to Government Exhibit List, Doc. 81. The defendant's objections should be overruled in all respects.

## I. The defendant's absence from an image or video does not make that evidence inadmissible.

As an initial matter, the defendant objects broadly to photos and videos that do not directly depict him. But the defendant's presence in a photo or video is not a litmus test for its relevance to this case. Exhibits that do not show the defendant may be relevant and admissible for a host of reasons, including to show the overall riot, its effects, and why the certification of the Electoral College vote was suspended, to establish the credibility of testifying witnesses, to give context for the defendant's and officers' actions, or to aid the jury in organizing and evaluating complex evidence. The defense seeks a blanket ruling from the Court that "the government should only be permitted to show videos of Mr. Vo and his actions that day." Doc. 81 at 3. The law requires no such thing.

## II. Responses to particular exhibit objections.

### a. Exhibit 217, 218, 219, 220, 221 (Capitol Maps and Photos)

The defendant objects to images of barricades and signage emplaced by the U.S. Capitol Police on January 6 to delineate the Restricted Perimeter and to notify the public that the area was off limits. Defendant's claim that the images do not depict the *exact* condition of the Capitol grounds as the defendant saw them is immaterial. The images depict signs that the defendant walked past and saw on his way to the Capitol—whether they were still standing or had been toppled by other rioters by that time does not affect the images' relevance, only their weight.

Further, these images prove another element of the government's case unrelated to the defendant's perception—that the restricted perimeter was, in fact, established on January 6. For either or both reasons, the images are relevant and admissible.

### b. Exhibit 302, 303, 304, 305, 307, 308 (CCTV footage)

The defendant objects to portions of CCTV video footage because of their length. As the defense well knows, the government has no intention of playing 40-minute long stretches of CCTV video for the jury. As in nearly every other January 6 trial, the government will present clips of videos that show relevant portions, or will scrub or fast-forwarding to the relevant portions of longer clips. The longer videos provide the source for these shorter portions and act as a back-up in the event that some other portion of video not contained in the clips needs to be shown. They are not inadmissible solely because of their length.

To the extent the defense has an objection to the length of video exhibits the government actually presents at trial, that objection should be properly heard during the trial, not at this juncture, before the videos have been submitted.[1]

**c. <u>Exhibit 454-461 (Defendant's Cellphone Material)</u>**

The defendant objects, on relevance and hearsay grounds, to portions of the defendant's cellphone text-message conversations that depict messages sent by other people to the defendant.

These messages by persons other than defendant do not constitute hearsay because they will not be admitted "to prove the truth of the matter asserted." *See* Fed. R. Evid. 801. Instead, the messages contain vital context for the defendant's conversations and his own responsive messages, many of which would become incomprehensible without the surrounding messages. For the same reason, the messages are relevant.

Moreover, the government does not intend to admit lengthy conversations that contain irrelevant back-and-forth between the defendant and others. The government intends to put forth an efficient presentation for the jury and will only seek to admit those messages from individuals other than the defendant necessary to prove its case. To the extent the defense has objections to the length of the conversations the government intends to admit, that objection should more properly be heard at trial.

**d. <u>Exhibits 501 to 512 (Defendant's Social Media)</u>**

The defendant objects to exhibits 507 to 512, social-media conversations the defendant had following the 2020 presidential election, and claims that they do not relate to the events of January 6.

---

[1] Contrary to the defense's assertion, the defendant does appear in Exhibits 307 and 308. The government has provided those videos to the defense in discovery and the government has identified time stamps to the defense of when the defendant appears.

This could hardly be further from the truth. The defendant's comments about the election speak directly to his intent on January 6, including his knowledge that a session of a House of Congress was in progress, and that he intended to disrupt it. Proving the defendant's knowledge and intent is an essential element of the government's case, as in Count Three: "Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress." *See* Joint Proposed Jury Instructions, Doc. 83-4.

The defense also objects, on relevance and hearsay grounds, to exhibits 501-512, which are social media conversations the defendant had, to the extent they contain messages sent by other individuals. For the same reasons as the 400-series of exhibits, which depict the defendant's cellphone text-message conversations with other people, these exhibits are admissible to show context.

**e. <u>Exhibits 601 – 625 (Third Party Video)</u>**

The defendant objects to videos and photographs taken by other rioters and by journalists present at the Capitol on January 6. A number of these exhibits do show the defendant and the Capitol as the defendant would have seen it.

However, these exhibits are not inadmissible simply because they do not directly depict the defendant. What these exhibits depict is the riot in which the defendant took part, which is relevant to the charges in this particular case. No rioter on January 6 acted alone, and while the government certainly must prove the defendant is guilty based on his own conduct that day, his conduct did not occur in a vacuum.

Third party video exhibits that do not directly depict the defendant may also be relevant and admissible because they show context, they may allow the jury to assess the credibility of

testifying witnesses, or they may show what the defendant perceived if his presence can be established through independent means like comparison to other videos.

**f. Exhibits 701 – 709 (Body Worn Camera)**

The defendant objects to lengthy body worn camera videos. As with other lengthy video exhibits, the government does not intend to admit these videos in their entirety but will instead rely on shortened clips or will scrub to relevant portions of the videos. Any objections to the length of the government's exhibits are properly heard at trial.

**g. Exhibits 901 – 905 (Montages)**

The defendant objects to the government's montage video exhibits, to which it has already objected in a motion *in limine*, Doc. 66, and to which the government has responded, Doc. 74. As the government stated in its response, the montages are admissible because they are relevant to the charges against the defendant and they fairly describe the riot, other rioters, and the defendant's conduct. *See* Doc. 74 at 2-4.

The defense also objects to the audio from the Capitol Police radios that is contained within video-montage exhibit 901. The radio runs are relevant and admissible. The government is prepared to elicit testimony from one or more witnesses who will verify the audio's source and authenticity.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Lynnett M. Wagner* _______
LYNNETT M. WAGNER
Nebraska Bar No. 21606
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (402) 661-3700
Email: lynnett.m.wagner@usdoj.gov

And: */s/ Eric Boylan* _______
Eric Boylan
Texas Bar No. 24105519
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Email: eric.boylan@usdoj.gov