**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-509 (TSC)** |
| **ANTONY VO,** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

## DEFENSE RESPONSE TO THE GOVERNMENT'S REQUEST REGARDING PEREMPTORY STRIKES

At the pretrial conference, the government requested that Mr. Vo be provided only three peremptory strikes, rather than the customary ten strikes, citing Federal Rule of Criminal Procedure 24. Mr. Vo respectfully requests ten strikes (in addition to alternate strikes). Counsel states the following in support of Mr. Vo's opposition.

After objecting to a significant portion of the defendant's proposed voir dire questions, the government now seeks to limit the number of the defense's peremptory strikes to three. The Court should reject the government's request because a thorough voir dire along with ten peremptory strikes is necessary for Mr. Vo to receive a fair and impartial jury.

First, the Court denied Mr. Vo's Motion for Change of Venue, relying largely upon the government's insistence that Mr. Vo will receive a "thorough voir dire to protect the defendant's right to an impartial jury." Gov'ts Opposition to Defendant's Motion for Change of Venue, ECF No. 29 at 26; *see e.g. id.* at 9 ("a careful voir dire – rather than a change of venue – is the appropriate way to address potential prejudice…"); *id.* at 9 ("the Court can guard any spillover prejudice from the broader

1

coverage of January 6 by conducting a careful voir dire and properly instructing the jury…").

Moreover, January 6th trials are not typical trials.  Much has been stated about the high potential for biased juries in the District of Columbia against January 6th defendants.  And while the voir dire process importantly strikes, for cause, potential jurors who express their inability to be fair – there is also an elevated likelihood that individuals are biased but that the Court finds their statements are not sufficient for a strike for cause. The Court, having recognized the potential prejudice in the jury pool as a whole, nevertheless denied Mr. Vo's venue challenge, amplifying any potential for harm.  The Court should not restrict Mr. Vo from exercising peremptory strikes of jurors by granting the government's request.

The nature of the January 6th trials is perhaps why judges in this courthouse have proceeded with allowing ten strikes for the defense and six strikes for the government in misdemeanor cases.  In fact, this Court, allowed ten defense strikes in a misdemeanor January 6th case.  *United States v. Russell Alford*¸ 21-cr-263 (TSC), ECF No. 95 at 183 (noting the necessity of qualifying 34 panel members). Judge Reyes also recently allowed twelve strikes for two defendants in *United States v. Karol Chwiesiuk*¸ 21-cr-536 (ACR), ECF No. 69. Judge Cooper permitted ten strikes in *United States v. Kirstyn Niemela*, 21-cr-623 (CRC), ECF No. 106 at 5 (informing parties that they may agree to cut down number of peremptory strikes to five for the defense and three for the government but leaving it to the parties).

Magistrate Judge Faruqui did the same in *United States v. Nancy Barron,* 22-cr-89 (ZMF).

Moreover, Mr. Vo has been charged with four separate misdemeanors in this case, and faces a total sentence of incarceration of more than one year, which further counsels that he should receive 10 peremptory strikes. *See* Fed. R. Crim. Proc. 24(b).

## Conclusion

For the foregoing reasons, the Court should permit the Defense to exercise ten peremptory strikes in addition to one strike for the alternate.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____
Eugene Ohm
Kate Adams
Assistant Federal Public
Defenders
625 Indiana Ave., N.W., Suite
550
Washington, D.C.  20004
(202) 208-7500