UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-509 (TSC) |
| v. : | |
| : | |
| ANTONY VO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY**
**IN SUPPORT OF MOTION FOR THREE PEREMPTORY STRIKES PER SIDE**

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this reply in support of its motion for the Court to permit three peremptory challenges per side in accordance with the Federal Rules of Criminal Procedure as the government requested at the Pretrial Conference on September 5, 2021.

    Rule 24 of the Federal Rules of Criminal Procedure describes the appropriate number of peremptory strikes for each side in a misdemeanor case: "Each side has 3 peremptory challenges when the defendant is charged with a crime punishable by fine, imprisonment of one year or less, or both." Fed. R. Crim. Pro. 24(b)(3). As the maximum term of imprisonment is one year or less for each of the four charges against Vo, Rule 24(b)(3) applies.[1] The rule provides that each side is entitled to three peremptory strikes, and this number is appropriate in this misdemeanor case.

    Moreover, there is no constitutional right to peremptory strikes. *See Georgia v. McCollum*, 505 U.S. 42, 57 (1992) ("[I]t is important to recall that peremptory challenges are not constitutionally protected fundamental rights; rather, they are but one state-created means to the

---

[1] Defendant requests one additional strike for the alternate juror. ECF 87, p. 3. Rule 24 provides "[o]ne additional peremptory challenge is permitted when one or two alternates are impaneled." Fed. R. Crim. Pro. 24(c)(4)(A). The government agrees with the Defendant's request that each side have one additional peremptory strike for prospective alternate jurors.

constitutional end of an impartial jury and a fair trial."); *Frazier v. U.S.*, 335 U.S. 497, 505, (1948) (holding that he right to exercise peremptory challenges "is in the nature of a statutory privilege, variable in the number of challenges allowed, which may be withheld altogether without impairing the constitutional guaranties of 'an impartial jury' and a fair trial"). Providing the defendant in this case with the number of peremptory strikes allotted by rule—three—would not infringe on any constitutional right.

The fact that Vo faces four separate misdemeanors and could face a *total* sentence of more than one year of incarceration if the Court were to run sentences consecutively does not impact the propriety of applying the three-strikes rule. Multiple courts of appeals have found that, where aggregated sentences could exceed one year, so long as the maximum sentence for any given charge does not exceed one year, the appropriate number of strikes for each side is three. *See U.S. v. Machado*, 195 F.3d 454, 456 (9th Cir. 1999) (defendant charged with two misdemeanors was entitled only to three challenges, even though in the aggregate, sentences on both counts could exceed a year); *U.S. v. Ming*, 466 F.2d 1000, 1006 (7th Cir. 1972) (where defendant was charged in one information with four counts of same offense, a misdemeanor, for which the statutory penalty was not more than one year or a fine or both, trial court properly granted only three peremptory challenges to each side).

Under Rule 24, additional peremptory challenges are allowed in capital cases, when the defendant is charged with a felony, or when there are multiple defendants. Fed. R. Crim. P. 24(b), (b)(1), (b)(2). None of these factors are applicable to this case.

As noted by Defendant in his response in opposition to the government's motion, this Court and other courts within this district have allowed a greater number than three strikes per side in misdemeanor cases. *See* ECF 87, p. 2. And it is not reversible error for a trial court presiding over

a misdemeanor prosecution to allow the number of peremptory challenges permitted for a felony charge. *See U.S. v. Studna*, 713 F.2d 416 (8th Cir. 1983). However, the government's request to provide each side with three strikes in this case would certainly streamline the jury selection process, while still providing Defendant with an adequate number of peremptory strikes to receive a fair and impartial jury.

For the foregoing reasons, the government respectfully requests the Court permit each side to exercise three peremptory challenges, and one additional strike for the prospective alternate juror.

                Respectfully submitted,
                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    */s/ Lynnett M. Wagner*
        LYNNETT M. WAGNER
        Nebraska Bar No. 21606
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        Tel: (402) 661-3700
        Email: lynnett.m.wagner@usdoj.gov

And:  */s/ Eric Boylan*
        Eric Boylan
        Texas Bar No. 24105519
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        Email: eric.boylan@usdoj.gov