UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-509 (TSC) |
| v. : | |
| : | |
| ANTONY VO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Defendant's Motion to Dismiss for Failure to Preserve and Produce *Brady* Evidence, Doc. 101. The defendant's motion should be denied in all respects.

The government is prepared to respond orally before the beginning of trial with a more fulsome argument, but given the timing of the defendant's motion filing, the government responds in writing with the following. Additionally, the government has responded to the letter sent from defendant's counsel seeking further disclosures that was filed on the docket at Doc. 100. A copy of the government's response to that letter is attached hereto as Exhibit A.

I.  **The material the defendant complains about is not *Brady* material because it is not exculpatory.**

None of the material the defendant complains of constitutes *Brady* material. It does not exculpate the defendant in any way. Though the defendant claims that a group of U.S. Capitol Police officers allowed rioters into the building, the Office of Professional Responsibility ("OPR") report investigated the actions of those officers and determined that the alleged acts of misconduct *did not occur*. Far from permitting anyone inside the Capitol, OPR determined that the officers confronted the group of unauthorized individuals entering the building two different times. And in evaluating these officers' response to a riotous mob that grossly outnumbered them, OPR found

1

Lt. Millard and the other officers "took appropriate actions" and "the necessary precautions to ensure life safety."

The defendant also claims that *Brady* evidence is found within a video (Government's Ex. 628), which shows an officer speaking who is not within earshot of the defendant. To be clear, this officer did not invite the rioters inside the Capitol building, nor give them permission to be there. This video does not exculpate any rioter—and it certainly does not exculpate this defendant, who could not hear what the officer said. The Court already heard and ruled on this precise argument at the pretrial conference. The Court ruled that statements made by officers that the defendant could not hear are not relevant. When defendant's counsel sought a ruling from the Court allowing the defendant to admit videos of what other rioters heard police officers says, the Court soundly rejected that argument: ***"[Y]ou can't put in videos of officers letting other people in that he didn't see*** … If there's video footage or some evidence that officers were, you know, welcoming people inside the Capitol, it's not relevant to Mr. Vo unless you can establish that he saw that or he -- you know, he was -- and he could see it happening or something." Pretrial Conf. Tr. at 18.

II. <u>**The material has long been available to the defendant.**</u>

There is also no *Brady* violation because the materials which the defendant complains about were not suppressed. Far from it, in fact: the OPR Report was disclosed through Global Discovery Production No. 1 more than two years ago.  The OPR Report was made accessible through the Federal Public Defender's Relativity workspace, and available for sharing via USAfx, on September 10, 2021.

The video is an open-source video—meaning that it is publicly available—that has been available to the defendant through discovery for a long period of time. It was produced in Global Discovery Production No. 2 on September 24, 2021. Further, a simple Google search shows that

2

it appears in a New York Post article from January 8, 2021—two days after the events of January 6. *See* New York Post *Video shows police officers stand by and do nothing as rioters charge into US Capitol*, January 8, 2021, available at https://nypost.com/2021/01/08/video-shows-police-officers-stand-by-as-rioters-charge-into-us-capitol/.

### III. Dismissal is an extreme and unwarranted remedy.

There is no reason for the Court to consider the defendant's absurd request to dismiss this case. A missing evidence instruction is similarly inappropriate here, as there is no basis for it: the defendant's time in the Capitol building is well-documented, and the Court has no reason to infer that some other video or other police report would provide evidence that he was given the permission to enter that other rioters clearly lacked. The defendant has not articulated any credible claim of prejudice here, and the Court should grant him no relief. This case should continue as scheduled and the defendant may use the material he has had for months as fodder for argument or cross examination.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Lynnett M. Wagner*
LYNNETT M. WAGNER
Nebraska Bar No. 21606
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (402) 661-3700
Email: lynnett.m.wagner@usdoj.gov

And: */s/ Eric Boylan*
Eric Boylan
Texas Bar No. 24105519
Assistant United States Attorney

                                                    601 D Street, N.W.  
                                                    Washington, D.C. 20530  
                                                    Email: eric.boylan@usdoj.gov