

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C.  20530*

September 17, 2023

*Via email:* Eugene_Ohm@fd.org  Kate_Adams@fd.org

Eugene Ohm
Kate Adams
Assistant Federal Public Defenders
625 Indiana Ave. N.W.
Washington, D.C. 20004

Dear Counsel,

We write in response to your letter of September 15, 2023, regarding request for additional information from the Government that you allege is subject to disclosure under *Brady v. Maryland*, Local Rule 5.1 and the Due Process Protections Act.  The focus of your request is in regard to a U.S. Capitol Police Report of Investigation, OPR #21-006.

You requested an unredacted United States Capitol Police ("USCP") Office of Professional Responsibility ("OPR") Report of Investigation ("ROI" or "Report") relating to the Upper West Terrace entrance.  In addition, you requested additional USCP Surveillance footage, and various information regarding other individuals that illegally entered the U.S. Capitol on January 6, 2021, through the Upper West Terrace doors.

For the reasons described below the government does not intend to make any additional disclosures absent an order of the Court.

We respond to each of your requests in the order that they were made and using your request numbering.

**Request #1**.  A completely unredacted copy of all OPR Reports of Investigation relating to the Upper West Terrace entrance.

The United States objects to providing an unredacted copy of the USCP OPR Report to Defendant.  The United States has produced an unredacted portion of the OPR Report regarding a statement by Lt. David Millard, and partially unredacted radio calls.  Lt. Millard will be called as a witness in the government's case in chief.  These documents have been designated as "Highly Sensitive" documents, subject to the Protective Order entered in this case (ECF 44).  The United States objects to further disclosure of portions of these reports because the U.S. Capitol Police Office of Professional Responsibility, following its investigation, found that the alleged acts of misconduct ***did not occur*** and the officers took appropriate police actions based on the circumstances they faced during the incident.

Further, In Defendant's Motion to Dismiss ECF 101, p. 3, Defendant alleges that the United States did not disclose this OPR Report until September 11, 2023. That is inaccurate.

The OPR Report regarding the Upper West Terrace was first provided to the Office of the Federal Public Defender in the government's Global Production No. 1 on September 10, 2021. *See* Ex. 1, attached discovery email and August 11, 2023 Letter "RE: Capitol Siege Cases Defense Discovery Databases Global Discovery Productions 1-29", p. 7, and Ex. 2, Index from Global Production No. 1.

The description of the Global Production follows:

> **III. Productions to Date**
> Following is a summary of the global discovery productions made to date. At the time you receive this letter, you should also receive an invitation to a USAfx folder containing indexes of the files we have produced to FPD's instance of evidence.com and FPD's Relativity workspace.
>
> **Global Production No. 1**
> On September 10, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx:
>
> - 35 files consisting of 28 reports from U.S. Capitol Police (USCP) Office of Professional Responsibility ("OPR") investigations of alleged wrongdoing by USCP officers on January 6, 2021 (CAPD_000000001- CAPD_000000848.)
>
> Officer names, witness names, and complainant names were redacted and these files are not subject to a sensitivity designation under the protective order. However, if you observe that an officer's name has not been redacted, and that officer is a subject of or witness to the allegation of misconduct, you must treat that information as Highly Sensitive under the protective order. That means you cannot share it with your client unsupervised unless you first redact it, and that the information can only be used consistent with the protective order's rules for handling Highly Sensitive materials. Should you observe such information, please notify us so that we may make an appropriate designation known to all Capitol Breach defendants.

The Upper West Terrace OPR reports were bates stamped pages CAPD_000000056 through CAPD_000000474. Specifically, the index to Global Production No. 1 described each of the five parts of the OPR Report and identifying information for each report, including the bates page numbers, the page counts and a brief description that the report. *See* Ex. 2, Index for Global Production No. 1.

In addition, additional exhibits to the OPR Report was produced to the Federal Public Defenders' Relativity site. This included the underlying social media clips, including a video bates number CAPD_000001592, that were exhibits to the Report. This social media video was accessible through the Federal Public Defender's Relativity workspace on September 24, 2021, as part of the Government's Global Production No. 2. *See* Ex. 1, pp. 7-8. Further, this included the audio of Lt. (then Sergeant) Millard's audiotape of the interview (accessible as part of Global Discovery No. 8 on November 18, 2021), which was designated as a Sensitive document. *See* Ex. 1, p. 11.

This description of the OPR Report and Global Production No. 1 was included in multiple letters to the Federal Public Defenders office, and these letters were provided directly to Defendant's current and former counsel.  *See* Exs. 6, 9.

**Request # 2**:  Time-stamped copies of the full, unclipped videos labeled #0157, #0920, #0912, and #016[1].

The United States objects to providing additional formats of the videos – which have already been produced to Defendant.  The Defendant is requesting U.S. Capitol Police surveillance video from January 6, 2021 (CCTV).  Defendant's request appears to relate to specific camera numbers.  The footage from the U.S. Capitol Police is designated as sensitive per the Court's Protective Order (ECF 44).  Further, the Court granted the United States' Motion *in Limine* to protect the location of those cameras at the pre-trial conference on September 1, 2023.  *See* Pretrial Conf. Tr. At 11.

The United States has provided the requested CCTV footage through Global Discovery, in particular Global Production No. 2 and 3.  *See* attached email and discovery letter, pp. 6-7.  The Office of the Federal Public Defender has had access to this CCTV footage since at least October 1, 2021.

The United States has also produced U.S. Capitol Police surveillance video to Defendant through case-specific discovery.  In particular, CCTV footage was provided to Defendant's counsel on July 22, 2022, December 23, 2022, and May 12, 2023.  *See* Exs. 5, 7, 8, attached discovery letters.  This video has time stamps (some in Eastern standard time, others in UTC time stamps).  The time stamps are produced by U.S. Capitol Police, not the U.S. Attorney's Office.

Finally, the United States has produced some of the specific CCTV requested by Defendant, with time stamps, to the Court and Defendant as trial exhibits, specifically Government's exhibits 302 and 303.

**Requests #3 – 10**.  The remainder of Defendant's requests were made for the first time on September 15, in an email sent from Defendant's counsel to government counsel at 10:34 p.m.  (ECF 100).

**Request #3**:  The identity and contact information for every individual that passed through the Upper West Terrace doors in the relevant timeframe that is known to the government, from approximately 2:25 to 2:50 pm. According to the OPR report, there should be at least 179 such individuals. Please include whether such individuals are represented by counsel and the contact information of counsel.

The United States objects to this request.  The United States has produced the U.S. Capitol Police CCTV footage, open source videos through Global Discovery.  *See* Ex. 1.  Further, the Government has produced CCTV and open source video through case specific discovery.  *See* Exs. 3-9.  Individuals' statements that would have been heard by Defendant would have been produced through that footage.  Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new statements.

---

[1] Defendant's request refers to a video #016.  The United States is unaware of a video #016; however, in good faith understands that this is a request for video #0126.

3

**Request #4**:  Any statements made by any of these individuals to law enforcement about whether they were permitted into the building by police officers and, if applicable, video or audio copies of such statements.

The United States objects to this request.  The United States has produced the U.S. Capitol Police CCTV footage, open source videos through Global Discovery.  *See* Ex. 1.  Further, the Government has produced CCTV and open source video through case specific discovery.  *See* Exs. 3-9.  Individuals' statements that would have been heard by Defendant would have been produced through that footage.  Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new statements.

**Request #5**:  Any statements in the possession of the government that any of these individuals made in social media about being permitted into the building by police officers.

The United States objects to this request.  The United States has produced the U.S. Capitol Police CCTV footage, open source videos through Global Discovery.  *See* Ex. 1.  Further, the Government has produced CCTV and open source video through case specific discovery.  *See* Exs. 3-9.  Individuals' statements that would have been heard by Defendant would have been produced through that discovery.  Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new statements.

**Request #6:**  Any statements in the possession of the government that any of these individuals made in text messages or messaging applications, or otherwise in their cell phones or computers regarding being permitted into the building by police officers.

The United States objects to this request.  The United States has produced the U.S. Capitol Police CCTV footage, open source videos through Global Discovery.  *See* Ex. 1.  Further, the Government has produced CCTV and open source video through case specific discovery.  *See* Exs. 3-9.  Individuals' statements that would have been heard by Defendant whould have been produced through that discovery.  Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new statements.

**Request #7**:  Unredacted copies of any other statements made by any of these five officers, their superiors, or anyone else relating to the officers' conduct at the Upper West Terrace.

The United States has produced reports by Lt. Millard, which have minimal redactions of personal identifying information.  Lt. Millard is the only officer that the Government intends to call as a witness.  Additional 302 reports of the other officers are available through the FPD Relativity site.  Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new statements.

**Request #8**:  Unredacted copies of any exhibits attached to any OPR reports that have not yet been provided.

*See* response to Request #1, above.

**Request #9**: Any audio or video files in the possession of the government of any cellphones from the Upper West Terrace from approximately 2:25 to 2:50 pm

The United States objects to this request. The United States has produced the U.S. Capitol Police CCTV footage, open source videos through Global Discovery. *See* Ex. 1. Further, the Government has produced CCTV and open source video through case specific discovery. *See* Exs. 3-9. Individuals' statements that would have been heard by Defendant would have been produced through that discovery.

Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new audio or video files.

**Request #10**: Any open source videos in the possession of or known to the government from the Upper West Terrace from approximately 2:25 to 2:50 pm.

The United States objects to this request. The United States has produced the U.S. Capitol Police CCTV footage, open source videos through Global Discovery. *See* Ex. 1. Further, the Government has produced CCTV and open source video through case specific discovery. *See* Exs. 3-9. Individuals' statements that would have been heard by Defendant would have been produced through that footage. Due to the number of ongoing prosecutions and investigations, this database is periodically updated with new open source videos.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ Lynnett M. Wagner*
       LYNNETT M. WAGNER
       Nebraska Bar No. 21606
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Tel: (402) 661-3700
       Email: lynnett.m.wagner@usdoj.gov

And:   */s/ Eric Boylan*
       Eric Boylan
       Texas Bar No. 24105519
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Email: eric.boylan@usdoj.gov