UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-CR-509 (TSC) |
| | : | |
| ANTONY VO, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S PROPOSED NEW JURY INSTRUCTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to Defendant Antony Vo's additional Proposed Jury Instruction. The proposed amendment is to Instruction Number 19, Entering or Remaining in a Restricted Building, 18 U.S.C. § 1752(a)(1). The defense requests that an additional requirement be made to the definition of "knowingly". The United States opposes this new proposed jury instruction.

## BACKGROUND

The Court has received proposed jury instructions from the parties, and the Court has provided the parties a set of final jury instructions based on the Parties' proposed instructions as of last week. The Court will address these instructions based on its rulings in a charge conference on September 22.

## ARGUMENT

The Court has produced a jury instruction for Charge 1. Entering or Remaining in a Restricted Building, based on input from the parties on the proposed jury instruction. The Court's definition for the "knowingly" is as follows:

> A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In

deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

The Defendant has proposed an additional instruction that is as follows:

The government must prove both that the defendant knew they were in a "posted, cordoned off, or otherwise restricted area" and also that they knew that it was such an area "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."

This proposed instruction adds two additional requirements, that the government prove that the Defendant knew they were in a posted or restricted area, and the government prove that the Defendant knew why the perimeter was restricted. United States opposes these additional requirements.

First, the parties have already proposed that there is a definition of the term "restricted building or grounds." The Court's final jury instructions (subject to the charging conference) defines the term "restricted building or grounds" to means any posted, cordoned off, or otherwise restricted area of abuilding or grounds where a person protected by the Secrete Service is or will be temporarily visiting.  Further, the first element of the 1752(a)(1) instruction requires the government to prove the defendant entered or remained in a restricted building or grounds without lawful authority to do so, and the defendant did so knowingly.  The defendant's new proposed language is unwarranted because the element of the crime already requires the government to show that the defendant knowingly entered or remained in a restricted building without lawful authority to do so.  It is duplicative and the additional requirement in the "knowingly" definition would confuse the jury.

Second, the Defendant argues that the Court's jury instructions should be amended to require the government to prove "that the defendant knew this was an area where the President or other person protected by the Secret Service is or will be temporarily visiting."  The Court should reject this argument for two reasons: (1) it is not consistent with the statutory text, structure, or

2

congressional intent; and (2) it represents an outlier view of the interpretation of 18 U.S.C. § 1752 among January 6 cases. Most critically, nothing in the statutory text requires the government to prove not just that the defendant knew that the area was restricted, but why it was restricted.

To begin with, this argument is a belated objection to the Court's jury instructions on Counts One and Two under § 1752. The defendant derives this argument from the court's legal instructions in *United States v. Bingert*, Case No. 21-cr-91 (RCL). There, the court "adopt[ed] the instructions and definitions proposed by the government [for the § 1752 charges], with one exception. … [T]he government must prove not only that the defendants knew they were in a 'posted, cordoned off, or otherwise restricted area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *Id.,* Note to Counsel, Doc. 163. Thus, for the § 1752(a)(1) charge, the *Bingert* court adopted the government's proposed instruction — identical to the instruction the Court adopted here — but added an additional requirement that the defendant know that the Vice President or other Secret Service protectee would be temporarily visiting the restricted area. *See id*.

The defendant's new interpretation of the *mens rea* requirement is plainly incorrect as a matter of statutory interpretation. When a statute such as § 1752(a) contains an express "knowingly" requirement, the Court must determine "how far down the sentence the word 'knowingly' is intended to travel[.]" *Liparota v. United States*, 471 U.S. 419, 424 n.7 (1985) (quoting W. LaFave & A. Scott, Criminal Law § 27 (1972)). Section 1752(a)(1) provides: "(a) Whoever – (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so . . . or attempts or conspires to do so, shall be punished as provided in subsection (b)." As the Supreme Court has repeatedly recognized, this statutory structure raises the question

"how far into the statute the modifier [knowingly] extends." *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019).

The Ninth Circuit recently gave a lengthy summary of how to answer this question in *United States v. Collazo*, 984 F.3d 1308 (9th Cir. 2021). In sum:

> In determining whether Congress intended a *mens rea* requirement in a criminal statute to apply to noncontiguous words or phrases, the Supreme Court uses ordinary tools of statutory interpretation. The Court starts "as always, with the language of the statute," *Dean v. United States*, 556 U.S. 568, 572 (2009) (*quoting Williams v. Taylor*, 529 U.S. 420, 431 (2000)), and considers the natural reading of the language using "ordinary English grammar," *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009). . . .
>
> This rule is not rigid: the word "knowingly" does not necessarily apply to every word in "a long statutory phrase, such that questions may reasonably arise about how far into the statute the modifier extends." *Rehaif*, 139 S. Ct. at 2196[.] . . .
>
> The Court also considers the "surrounding text and structure." *Maracich v. Spears*, 570 U.S. 48, 76 (2013). . . .
>
> In addition to considering the text and structure of the statute, the Court recognizes the presumption, traceable to the common law, that "Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct." *Rehaif*, 139 S. Ct. at 2195 (citation omitted). . . .
>
> By contrast, absent statutory language suggesting otherwise, the scienter presumption does not apply to elements that do not separate innocent from wrongful conduct. See id. at 2196 (holding that because "jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter").

*Id.* at 1322-25.

Here, each of the factors outlined by *Collazo* weigh against carrying "knowingly" all the way through to the definition of "restricted building or grounds." First, Congress placed the definition of a restricted area in a separate subsection from the subsection defining the offense – "knowingly" appears in each of the defined offenses under § 1752(a), but the definition of a

Case 1:21-cr-00509-TSC   Document 109   Filed 09/22/23   Page 5 of 10

restricted building or grounds is not found until § 1752(c)(1). *See Collazo*, 984 F.3d at 1323 ("[I]t is natural to read the intent requirement of 'knowingly or intentionally' as modifying only the elements contained in the statutory phrase defining the § 841(a)(1) offense, i.e., 'distribute' and 'a controlled substance.'"); *cf. Ruan v. United States*, 142 S. Ct. 2370, 2378-79 (2022) (applying knowingly to a statutory clause contained within the same clause of the same subsection of the statute).

Second, the fact that several of the subsections in § 1752(a) contain multiple *mens rea* requirements—the "intent to impede or disrupt the orderly conduct of Government business or official functions," § 1752(a)(2)-(3), and "the intent to knowingly and willfully direct or otherwise cause such unmanned aircraft system to enter or operate within or above a restricted building or grounds," § 1752(a)(5)—shows that "Congress knew how to require proof of *mens rea* with respect to the predicate facts for [the statute], and chose not to do so[.]" *Collazo*, 984 F.3d at 1326; *see also United States v. Mahaffey*, 983 F.3d 238, 243 (6th Cir. 2020).

Third, applying "knowingly" to the definitional subsection "would not separate wrongful from otherwise innocent conduct." *United States v. Morgan*, 45 F.4th 192, 208 (D.C. Cir. 2022) (emphasis in original). "The cases in which [the Supreme Court has] emphasized scienter's importance in separating wrongful from innocent acts are legion." *Rehaif*, 139 S. Ct. at 2196 (collecting cases); *see also e.g., Bryan v. United States*, 524 U.S. 184, 194 (1998) ("The danger of convicting individuals engaged in apparently innocent activity that motivated [the Court's] decisions in the tax cases and *Ratzlaff [v. United States*, 510 U.S. 135 (1994)] is not present… [where the factfinder] found that [the defendant] knew that his conduct was unlawful."); *United States v. Crowder*, 656 F.3d 870, 875 (9th Cir. 2011) (holding that the word "knowingly" in the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a)—which imposes

5

criminal penalties on any person who "knowingly fails to register or update a registration as required by [SORNA]"—does not apply to the phrase "as required by [SORNA]" because a defendant would know failing to register was "not an innocent act").

The Supreme Court's recent decision in *Ruan* is instructive. *See* 142 S. Ct. at 2378-79. There, the Court held that to convict two doctors of violating the Controlled Substances Act, 21 U.S.C. § 841(a), the government needed to introduce proof of the defendants' knowledge that their dispensing of controlled substances was unauthorized, because it is the unauthorized dispensation of controlled substances that "plays a critical role in separating a defendant's wrongful conduct from innocent conduct" for doctors, who may otherwise lawfully dispense controlled substances pursuant to valid prescriptions for legitimate medical purposes. *Id.*

Here, entering or remaining in an area knowing it is restricted while knowing that one does not have authority to be there, in violation of § 1752(a)(1), "is not an 'entirely innocent' act." *Collazo*, 984 F.3d at 1327 (quoting *Rehaif*, 139 S. Ct. at 2197). Neither is engaging in disorderly or disruptive conduct with the intent to impede government business in violation of § 1752(a)(2); nor is engaging in acts of physical violence in violation of § 1752(a)(4).[1] Under § 1752(a)(1), the line between innocent and criminal conduct is a defendant's knowledge that he did not have lawful authority to be within the restricted area; under § 1752(a)(2), that line is a defendant's knowing

---

[1] Though the issue does not appear to be central to Vo's argument here, the government notes that while under § 1752(a)(1) the defendant must know he was without lawful authority to be within the restricted perimeter, §§ 1752(a)(2) and (a)(4) say nothing about a defendant's authority to be within the restricted perimeter; neither of these subsections require that a defendant know he lacked lawful authority to enter or remain in a restricted building or grounds. To illustrate, consider a staff member at the White House who begins yelling obscenities and gets into a fistfight with a coworker while at work at the White House. That individual could be prosecuted under §§ 1752(a)(2) and (a)(4) (perhaps among other statutes), but likely would not face criminal exposure under § 1752(a)(1) unless and until their authority to remain in the White House was revoked and they were no longer authorized personnel.

engagement in disorderly or disruptive conduct that in fact impeded or disrupted the orderly conduct of Government business or official functions; and under § 1752(a)(4), that line is a defendant's knowing acts of physical violence. The bottom line for the purposes of Vo's proposed jury instruction is that in no case under § 1752 does the wrongfulness of a defendant's conduct under any of these three subsections turn on whether the defendant was aware that a Secret Service protectee was or would be within the restricted perimeter.

Fourth, applying "knowingly" to the definitional phrase would also undermine congressional intent. The clear goal of the statute, as evidenced by the text of the statute, is to ensure the safety of Secret Service protectees. *See United States v. Caputo*, 201 F. Supp. 3d 65, 72 (rejecting facial and as-applied First Amendment challenges to § 1752, in White-House-fence-jumping case, in part because of "the Government's profound interest in protecting the White House complex, the President, and the functionality of the executive branch.") (emphasis added). A requirement that a defendant know or be on notice of a particular protectee's location in order to violate the statute is clearly antithetical to that goal. *See United States v. Couy Griffin*, 21-CR-92, Doc. 110, discussed infra; *see also Puma*, 596 F. Supp. 3d at 114; *Griffith*, 2023 WL 2043223, at *5.

Additionally, such a reading of the statute would make certain prosecutions nearly impossible. For example, the definition of "restricted buildings or grounds" includes "any posted, cordoned off, or otherwise restricted area—(C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance[.]" § 1752(c)(1)(C). Thus, the defendant's newly requested interpretation of the statute's "knowingly" requirement would require the government to prove beyond a reasonable doubt that a defendant knew that an area was restricted "in conjunction with an event designated as a special event of national significance" in

7

order to obtain a conviction under this subsection – an almost impossible bar. *See, e.g., United States v. Cox*, 577 F.3d 833, 837 (7th Cir. 2009) (holding that "knowingly" does not apply to a minor's age because "[i]t seems implausible that Congress would want it to be harder to prove a violation of § 2423(a) than of § 2421, when the purpose of the former provision is to provide heightened protection for minors against sexual exploitation").

Consistent with the foregoing, in another January 6 prosecution, Judge McFadden explicitly declined to apply Section 1752(a)'s "knowingly" requirement to the definition of "restricted buildings or grounds" in Section 1752(c). Judge McFadden explained:

> The defense's second argument is that Mr. Griffin cannot be convicted under 1752(a) unless the government shows he knew a Secret Service protectee was or would be temporarily visiting in the restricted building or grounds at issue.
>
> I disagree. The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute. That's according to *Liparota v. United States*, 471 U.S. 419, page 424, from 1985. So determining the mental state required for commission of a federal crime requires "construction of the statute and inference of the intent of Congress." From *Staples v. United States*, 511 U.S. 600, page 605, from 1994.
>
> Here, the text of 1752, which is the best evidence of Congress's intent regarding the mens rea, forecloses the defendant's argument. I find that Congress specifically included a mens rea requirement in those portions of the statute laying out the elements of the offense, while excluding that mens rea requirement in the definitional provision. A defendant must act knowingly in committing the offense conduct identified in Subsections (a)(1) through (a)(5). Each of those subsections begins with the word "knowingly." By contrast, that limitation appears nowhere in the definitional provision of (c)(1).
>
> [. . .]
>
> In sum, the text of the statute makes clear that Congress did not intend for the scienter requirement to apply to 1752's definitional provisions.
>
> And I should also say, it doesn't make a lot of sense to me that the government would have to prove somebody knew that a specific dignitary was there. I can't imagine that a provision that is looking to protect Secret Service protectees would

> require the Secret Service to somehow be telling people and proving that people knew which protectee was in the restricted area at what time.

*United States v. Couy Griffin*, 21-CR-92 (TNM), Tr. of Bench Trial, Doc. 106, 330-32.

For all of these reasons, courts across this district have issued legal instructions consistent with the Court's instructions here in dozens of January 6-related cases involving charges under § 1752. *See, e.g., United States v. Reffitt*, 21-CR-32 (DLF) and *United States v. Sheppard*, 21-CR-203 (JDB). In both *Reffitt* and *Sheppard*, the court instructed the jury that, to prove a violation of § 1752(a)(1), the government must show "that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there[.]"*Reffitt*, 21-CR-32 (DLF), Doc. 119 at 30; *Sheppard*, 21-CR-203 (JDB) Jury Trial Tr. at 77:15 (same).

The *Bingert* instruction does not just represent a minority view of the proper interpretation of § 1752, *Bingert* is the only January 6 case that the government is aware of that has applied the defendant's new interpretation of § 1752. *See e.g., United States v. David Charles Rhine,* 21-CR-687 (RC), Doc. 105 at 15 (including government's proposed instructions on violations of Sections 1752(a)); *United States v. Donnie Wren et al.*, No. 21-CR-599 (RBW), Doc. 121 at 39 (same); *United States v. Sara Carpenter*, 21-CR-305 (JEB), Doc. 97 at 12 (same); *United States v. Vitali GossJankowski*, 21-CR-123 (PLF), Doc. 166 at 31 (same); *but see United States v. Bingert*, 21-CR-91 (RCL), Doc. 163. Notably, the same court that adopted the *Bingert* instruction had not applied the law in this way in any of its previous cases on the same charge. *See United States v. Leo Kelly*, 21-CR-708 (RCL), Doc. 101; *United States v. Christopher Worrell*, 21-CR-292 (RCL), Doc. 245.

## **CONCLUSION**

In sum, the statute does not require the government to prove that the defendant knew why the Capitol building and grounds were restricted on January 6, the Court's legal instructions did not announce such a requirement, and the government had no obligation to make such a showing at trial. The defendant's proposed additional jury instruction should be rejected.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Lynnett M. Wagner*
       LYNNETT M. WAGNER
       Nebraska Bar No. 21606
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Tel: (402) 661-3700
       Email: lynnett.m.wagner@usdoj.gov

And:     /s/ Eric Boylan
       Eric Boylan
       Texas Bar No. 24105519
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Email: eric.boylan@usdoj.gov