IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**     * | |
| * | |
| vs.     * | Case No. 21-cr-00509-1 (TSC) |
| * | |
| **ANTONY VO**,     * | |
| **Defendant**     * | |
| * | |

ooOoo

**MOTION TO STAY SENTENCING PENDING RESOLUTION
OF THE ELEMENTS OF 18 U.S.C. §1752 BY THE D.C. CIRCUIT
IN *UNITED STATES v. GRIFFIN***

Antony Vo, by his undersigned counsel, respectfully moves this Honorable Court to stay his sentencing scheduled for April 10, 2024, pending the decision of the United States Court of Appeals for the District of Columbia Circuit ("DC Circuit") in *United States v. Griffin,* No. 22-3042 (D.C. Cir. argued Dec. 4, 2023), which will determine the *mens rea* elements of the two most serious offenses of which Mr. Vo stands convicted, 18 U.S.C. § 1752(a)(1) (Count One) and §1752 (a)(2) (Count Two). *Griffin* will resolve the intra-district split regarding the mens rea requirement of the § 1752(a) offenses. Were the DC Circuit to reverse the convictions in *Griffin*, that will also require a reversal of Mr. Vo's convictions on those two counts. Thus, continuing the date of Mr. Vo's sentencing for a few short weeks or months, until *Griffin* is decided will preserve resources for the Court and for the parties and avoid the need for a resentencing. In analogous situations, other judges in this district have continued sentencing hearings until the Supreme Court resolves *United States v. Fischer*, 144 S. Ct. 537 (2024), a case that will decide the applicability of the § 1512(c)(2) obstruction count to January 6 cases.

1. Mr. Vo's convictions on four misdemeanor offenses arise out of his peaceful presence in Washington, D.C., to attend a political rally on January 6, 2021 and events thereafter.

2. Counts One and Two involve violations of 18 U.S.C. § 1752, which each are punishable by a fine and/or imprisonment "for not more than one year." 18 U.S.C. § 1752(b)(2).

3. Counts Three and Four involve petty offenses charged under 40 U.S.C. § 5104, which are punishable by a fine and/or imprisonment "for not more than six months." 40 U.S.C. § 5109(b).

4. The *Griffin* case, which was argued before the DC Circuit on December 4, 2023, will resolve the intra-district split regarding the *mens rea* element of a § 1752 offense. The *Griffin* issue squarely affects Mr. Vo's convictions on the § 1752 counts.

5. At Mr. Vo's trial, the jury instructions on the § 1752 offenses did not require the government to prove that Mr. Vo *knew* that the Capitol and its grounds were restricted nor that he *knew* that a "person protected by the Secret Service" was or would be temporarily visiting.[1]

6. There is an intra-district split regarding this element of the January 6 offenses charged under 18 U.S.C. § 1752. In agreement with the jury instructions given by this is Court are *United States v. Carnell*, 23-cr-139, 2024 WL 639842, at *5 (D. D.C. Feb. 15, 2024) (Howell, J.); *United States v. Rhine*, 21-cr-687 (RC), ECF No. 104 (D. D.C. Apr. 24, 2023) (Contreras, J.); *United States v. Griffin*, 21-cr-92 (TNM), ECF No. 106 (D. D.C. Mar. 22, 2022) (McFadden, J.).

7. On the other hand, a number of other judges have held that the government is required to prove that the defendant acted with knowledge that the building was restricted and that a Secret Service protectee was or would be present in the building to prove the § 1752 offenses. See, e.g.,

---

[1] *Vo* Jury Instructions at 10-12; Tr. 9/22/23 at 1280-81; 1197-1202 (requested defense instructions).

*United States v. Groseclose*, 21-CR-311 (CRC), ___ F. Supp.3d ___, 2024 WL 68248, at *9 (D. D.C. Jan. 5, 2024), where Judge Cooper held that to convict a defendant of violating 18 U.S.C. §§ 1752(a)(1) and (a)(2), the government must prove beyond a reasonable doubt that the defendant *knew* that:

> (1) the Capitol building and its grounds were "posted, cordoned off, or otherwise restricted" on January 6 and (2) a "person protected by the Secret Service [was] or [would] be temporarily visiting" the Capitol that day.

After a bench trial, in acquitting the defendant on both § 1752 counts, Judge Cooper found that the government had failed to meet its burden of proof:

> While the government proved beyond a reasonable doubt that Groseclose knew the Capitol building and grounds were "posted, cordoned off, or otherwise restricted" on January 6 and separately proved, as a factual matter, that then-Vice President Pence was inside the building on that day, it did not present sufficient evidence that Groseclose knew the Vice Present (or any other Secret Service protectee) was in the area.

*Id.* District Judges Cobb, Nichols, and Lamberth have reached the same conclusion as Judge Cooper. *See, e.g., United States v. Samsel*, 21-cr-537 (JMC) (D. D.C. Feb. 2, 2024) (Cobb, J.); *United States, v. Elizalde*, 23-cr-170 (CJN), 2023 WL 8354932, at *7, ___ F.Supp.3d ___ (D. D.C. Dec. 1, 2023) (Nichols, J.); *United States v. Hostetter*, 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D. D.C. July 13, 2023) (Lamberth, J.).

8. Were the DC Circuit to resolve the *mens rea* requirement favorably to the defense in *Griffin,* then Mr. Vo's convictions on the § 1752 offenses would have to be vacated and the Court would be required to hold a new sentencing hearing for Mr. Vo solely with respect to the two Title 40 petty offenses. With a decision in *Griffin* likely to be issued within the next few weeks, holding

Mr. Vo's sentencing at this time would waste scarce resources.

9. Indeed, the Presentence Report only provides a guideline calculation for the two § 1752 offenses because the Sentencing Guidelines do not apply to the two petty offenses charged under Title 40. *See, e.g.,* U.S.S.G. § 1B1.9 ("The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.").[2]

10. Moreover, at this time, the government has objected to the guideline calculation that the preliminary Presentence Report has set out for the § 1752 offenses. Thus, this issue alone will require briefing by the parties and resolution by the Court.

11. As *Griffin* was argued on December 4, 2023, a decision is likely to be issued by the DC Circuit within the next few weeks given that the Court of Appeals averages approximately four months from oral argument to decision.

12. In analogous situations, where the most serious count of conviction is pending resolution by an appellate court, other judges have stayed sentencing until the decision is resolved. *See, e.g., United States v. Bennett,* No. 21-cr-00312-1 (JEB), Minute Order, 1/4/24 ("The Court will stay Sentencing until after the Supreme Court decides U.S. v. Fischer"); *United States v. Crowl*, No. 21-cr-28-2 (APM), Minute Order, 3/15/24 (same); *United States v. Groseclose*, No. 21-cr-311 (CRC), Minute Order, 3/7/24) (same).

13. A stay of the sentencing hearing will preserve judicial resources and costs for the Court and the Probation Department, avoid duplication of efforts and unnecessary arguments for all, and a potential later re-sentencing.

---

[2] Counts Three and Four are Class B misdemeanors as they carry a statutory maximum penalty of six-month' imprisonment. *See* 18 U.S.C. § 3559(a)(7).

14. Were the § 1752 convictions to be vacated, Mr. Vo's sentencing would be materially impacted as the § 3553(a) factors which the Court must consider at sentencing would be more favorable to him. Moreover, were the Court to impose a term of imprisonment on Mr. Vo at the April 10, 2024 sentencing, Mr. Vo would be seeking to remain on bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1)(B) until the *Griffin* opinion were decided, again creating unnecessary and additional work for counsel and for the Court, who would be required to resolve such a motion.

15. At this stage, a stay of the proceedings would involve only a few short weeks or months, is justified under all that the circumstances in this case and would simplify issues and preserve scarce resources. *See, e.g., Fed. R. Crim. Proc.* 2 (" rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay").

16. The government has indicated to undersigned counsel that it does not consent to this request.

## CONCLUSION

For all these reasons, and for any other reasons that are just and fair, Mr. Vo respectfully requests that this Honorable Court stay his sentencing for the few weeks or months necessary for the United States Court of Appeals for the District of Columbia Circuit to decide the *Griffin* decision which will determine the *mens rea* requirement for violations of 18 U.S.C. § 1752, the two most serious counts of which Mr. Vo stands convicted, and whose resolution will materially impact Mr. Vo's sentencing.

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record this 29th day of March, 2024 on all counsel of record via ECF.

/s/

**Carmen D. Hernandez**