IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| vs. | *   Case No. 21-cr-00509-1 (TSC) |
| | * |
| ANTONY VO, | * |
| Defendant | * |
| | * |

ooOoo

**MOTION FOR THE COURT TO ACCEPT MR. VO'S
GUILTY PLEA TO A VIOLATION OF 40 U.S.C. § 5104(e)(2)(G)
AND VACATE THE VERDICT OF GUILT ON THE REMAINING COUNTS**

Antony Vo, by his undersigned counsel, respectfully moves this Honorable Court to accept the guilty plea to a violation of 40 U.S.C. §5104(e)(2)(G), which Mr. Vo sought to enter on March 18, 2022 on the grounds that the Court refused to accept the plea because while Mr. Vo admitted to all the necessary facts to provide a factual basis for the plea, he equivocated when the Court asked whether he knew that he did not have permission to enter the Capitol, a fact that is not an element of the offense. *See, e.g., United States v. Gaskins,* 485 F.2d 1046, 1049 (D.C. Cir. 1973) (when trial judge is "presented with a *factual basis for the plea* . . . an intelligent and counseled guilty plea should not be refused"). The remaining counts as to which the jury returned a verdict of guilt should be vacated.

**I. THE PLEA DOCUMENTS AND COLLOQUY PROVIDED A FACTUAL BASIS FOR THE PLEA**

1. On March 18, 2022, Mr. Vo appeared before his Court to enter a plea of guilty to Count Four of the Information (ECF 8), which charged him with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Plea Agreement, attached as Ex. 1; Plea Tr. (3/18/22) at 2.

2. After the Court explained the rights he would be waiving if he pleaded guilty, Mr. Vo stated that he was certain that he wished to plead guilty:

> THE COURT: . . . Now, having discussed the rights that you have to trial and to appeal and the rights you will be giving up if you plead guilty, do you still want to plead guilty in this case and give up your right to a trial and all the rights I've explained you would have if your case went to trial?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you sure?
>
> THE DEFENDANT: Yes.

Plea Tr. at 15.

3. During the plea colloquy, the Court asked Mr. Vo various questions about his conduct on January 6, 2021. In addition to adopting the Statement of Offense that he had signed and admitting to the elements of the offense, Mr. Vo answered the Court's questions and explained his conduct in his own words. Tr. at 21-22.

> THE COURT: Okay. All right. But let me ask you this: Starting in paragraph 8 where it says, "Antony Vo's participation in the January 6, 2021, Capitol riot," everything in paragraphs 8, 9, 10, 11, and 12, is that all true?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You read all those paragraphs?
>
> THE DEFENDANT: 7 -- or 8 through 11, yes, I have.
>
> THE COURT: Okay. And is that all true?
>
> THE DEFENDANT: Triple-checking, yes, the Statement of Offense is all true.

> THE COURT: Okay.
>
> MR. ROMANO: Your Honor, I apologize, but I heard Mr. Vo say 8 to 11 when he was looking at those paragraphs, and I know the Court had asked about paragraph 12 as well.
>
> THE COURT: Yes. Paragraph 12, do you knowingly and voluntarily admit to all the elements of the offense which you're pleading guilty to?
>
> THE DEFENDANT: Yes, I do, 8 through 12.

4. Mr. Vo's admissions and explanations provided a sufficient factual basis for the plea.

5. Nonetheless, the Court went on to ask Mr. Vo to admit a fact that was not an element of the offense – whether he knew that he "did not have permission to enter the [Capitol]." Mr. Vo explained exactly what took place:

> THE COURT: Okay. At the time -- and you don't have to know the exact time. That's why I said approximately. At the time you entered the Capitol building on January 6, 2021, did you know that you did not have permission to enter the building?
>
> THE DEFENDANT: I think at first -- well, the thing is, like, I was standing at the entrance for the longest time, and I guess I wasn't given much indication, because police officers were standing in front there, and they gave me no indication that I couldn't enter in. They never said that I couldn't enter in. They gave a thumb's up to, you know –
> . . .
>
> THE COURT: Ms. Jacob, hold on one minute. I just don't see how we can go any further.

Plea Tr at 23.

6. A violation of 40 U.S.C. § 5104(e)(2)(G) does not require proof that the defendant knew that he did not have permission to enter the restricted building. Indeed, when the Court instructed the jury on this count at Mr. Vo's trial, it did not indicate that such proof was required:

3

>Count Four of the Superseding Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.
>
>In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:
>
>First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.
>
>Second, the defendant acted willfully and knowingly.

Vo Jury Instructions at 13-14, attached as Ex. 2; Tr. (9/22/23) at 1283.

## II. The Court Did Not Have a Sufficiently Good Reason to Refuse to Accept Mr. Vo's Guilty Plea to Parading, Demonstrating, or Picketing in a Capitol Building

There are three prerequisites for a Court to accept a guilty plea. First, the Court must be satisfied that the defendant, advised by counsel, fully understands the significance of his action. *Kercheval v. United States*, 274 U.S. 220, 223 (1927). Second, the Court must be satisfied that the defendant is acting intelligently and voluntarily and not as a result of any threats, promises or incapacity. *Brady v. United States*, 397 U.S. 742, 748 (1970). Third, the Court must be satisfied that there is at least prima facie evidence tending to establish that the defendant committed the crime to which he is pleading guilty. Fed. R. Crim. Proc. 11(b)(3). Here all three prerequisites were met.

During the plea colloquy, Mr. Vo was represented by an Assistant Federal Public Defender, Mr. Vo's answers made clear that he had read the plea documents and understood his rights as explained by the Court, and he admitted to sufficient facts to support every element of the offense. That he equivocated on whether he knew that he was not authorized to enter the Capitol is not an element of the offense and plays no part in determining that the prerequisites for a guilty plea are met.

The United States Court of Appeals for the District of Columbia Circuit has held that a district court is not free to refuse to accept a guilty plea where as here there is a sufficient factual basis for the plea. *See, e.g., United States v. Gaskins,* 485 F.2d 1046, 1049 (D.C. Cir. 1973); *United States v. Shepherd*, 102 F.3d 558 (D.C. Cir. 1996).

> It has long been recognized that "plea bargaining is an essential component of the administration of justice." *Santobello v. New York,* 404 U.S. 257, 260 (1971). Not only does "it lead to prompt and largely final disposition of most criminal cases," *Santobello,* 404 U.S. at 261, often affording the government additional leverage in prosecuting other crimes, but it allows defendants who wish to acknowledge their guilt "to spare themselves and their families the spectacle and expense of protracted courtroom proceedings." *United States v. Jackson,* 390 U.S. 570, 584 (1968). While a defendant has "no absolute right to have a guilty plea accepted," *Santobello,* 404 U.S. at 262; *Maddox,* 48 F.3d at 558, "the fact that ... guilty pleas may occasionally be rejected hardly implies that all defendants may be required to submit to a full-dress jury trial as a matter of course." *Jackson,* 390 U.S at 584. In this circuit, the district court may reject a plea, but in so doing, it "must provide a reasoned exercise of discretion in order to justify a departure from the course agreed on by the prosecution and defense." *Maddox,* 48 F.3d at 558 (quoting *United States v. Ammidown,* 497 F.2d 615, 622 (D.C.Cir.1973)); *see also Santobello,* 404 U.S. at 262.

*Shepherd*, 102 F.3d at 561-62 (cleaned up) (internal citations omitted).

In the instant case, the Court's reason for not accepting Mr. Vo's guilty plea was that he equivocated when asked whether he knew that he was not authorized to enter the Capitol. However, as noted above, such knowledge is not an element of the offense. At no time, did Mr. Vo deny the factual guilt of the offense. He did not equivocate or deny that he had entered the Capitol and while inside the Capitol engaged in a political demonstration – the two elements of the offense. He did not claim to be ignorant or mistaken that he had entered the Capitol or that while inside the Capitol he had participated with others in the demonstrations. Mr. Vo's refusal to admit that to a fact that was

5

not an element of the offense was therefore not a sufficiently good reason to refuse to accept the plea. *See, e.g., Griffin v. United States,* 405 F.2d 1378, 1380 (D.C. Cir. 1968) (a guilty plea should not be refused without good reason, even though it is to a lesser included offense). Moreover, when answering the Court, Mr. Vo explained why it was unclear to him that he was not authorized to enter the Capitol:

> I think at first -- well, the thing is, like, I was standing at the entrance for the longest time, and I guess I wasn't given much indication, because police officers were standing in front there, and they gave me no indication that I couldn't enter in. They never said that I couldn't enter in. They gave a thumb's up to, you know –

Plea Tr at 23.

Lastly, in this case, as Mr. Vo was ultimately convicted by a jury of additional and more serious offenses than the one to which he sought to plead guilty, he suffered prejudice as the result of the Court's refusal, for insufficient reasons, to accept his plea.

## CONCLUSION

For all these reasons, and for any other reasons that are just and fair, Mr. Vo respectfully requests that the Court accept his guilty plea to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) and vacate the verdict of guilt on the other counts.

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

    I hereby certify that the instant notice was served on all counsel of record this 31st day of March, 2024 on all counsel of record via ECF.

/s/
_____
**Carmen D. Hernandez**