UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-509 (TSC) |
| v. : | |
| : | |
| ANTONY VO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO STAY SENTENCING**

The United States, thorough undersigned counsel, respectfully opposes Vo's motion to stay his sentencing. Any further delay in the defendant's sentencing is neither required nor prudent. For the following reasons, Vo's request should be denied.

1. On September 22, 2023, Vo was convicted by a jury following a week-long trial for his conduct on January 6, 2021. *See* Minute Entry dated September 25, 2023.

2. At trial, Vo was convicted of four counts. Those are violations of: 18 U.S.C. § 1752(a)(1) (entering and remaining in a restricted building or grounds) (Count One); 18 U.S.C. § 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds) (Count Two); 40 U.S.C. § 5104(e)(2)(D) (disorderly or disruptive conduct on the grounds or in the buildings of the United States Capitol) (Count Three); and 40 U.S.C. § 5104(e)(2)(G), (parading, demonstrating, or picketing in any Capitol building) (Count Four).

3. Counts One and Two are Class A misdemeanors each with a statutory maximum of one year of imprisonment. 18 U.S.C. § 3559. Counts Three and Four are Class B misdemeanors each with a statutory maximum of six months of imprisonment. *Id.*

1

4.      Vo argues that the Court should stay his sentencing to await the D.C. Circuit's decision in *U.S. v. Griffin*, 22-3042 (D.C. Cir.), because that appeal "squarely affects" the verdict here.

5.      But the outcome in *Griffin* should have no effect on the sentencing in this case. Vo's sentence is to be determined according to the factors described in 18 U.S.C. § 3553(a). Even if Griffin were to be decided in a way that is favorable to Vo, and even if his convictions on Counts One and Two must be vacated (neither sure things), there will have been no change in the nature or circumstances of Vo's offense, the history or characteristics of the defendant, or any of the other factors listed in § 3553(a).

6.      Only one situation would require a resentencing in the event that *Griffin* alters the § 1752 *mens rea* framework. If Vo's convictions on Counts One and Two need to be vacated, and if the Court were to sentence Vo to a term that exceeds the combined statutory maximum for Counts Three and Four, that sentence likely would need to be reconsidered. But so long as the Court does not sentence Vo to a total term of more than one year, any sentence the Court determines should be unaffected by *Griffin*. That is so because the Court can rule that it would have determined the same sentence pursuant to the § 3553(a) factors if Vo had been convicted only on Counts Three and Four. And indeed, the government is not seeking a sentence of more than one year.

7.      Moreover, any further postponement of sentencing in this case would cause unnecessary delay. Vo's sentencing was originally set for December 18, 2023. It has been delayed twice already, once by consent, *see* Minute Entry dated November 27, 2023, and once when Vo retained new counsel, *see* Minute Entry dated February 2, 2024. The defendant was found guilty

in September of 2023—more than six months ago. The time is ripe that he be sentenced for his crimes.

8. For the foregoing reasons, the government respectfully asks the Court to deny the defendant's motion to stay his sentencing and proceed with sentencing as scheduled on April 10, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Lynnett M. Wagner*
      LYNNETT M. WAGNER
      Nebraska Bar No. 21606
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      Tel: (402) 661-3700
      Email: lynnett.m.wagner@usdoj.gov

      /s/ Eric Boylan
      Eric Boylan
      Texas Bar No. 24105519
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      Email: eric.boylan@usdoj.gov