UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-509 (TSC) |
| v. : | |
| : | |
| ANTONY VO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO VACATE VERDICT**

The United States, thorough undersigned counsel, respectfully opposes Vo's motion asking the Court to vacate his verdict and accept a guilty plea—a plea which Vo did not enter and for which there was no factual basis. For the following reasons, Vo's request should be denied.

1. On March 18, 2022, the Court held a change-of-plea hearing at which Vo was set to enter a plea of guilty to Count 4, Parading, Demonstrating or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). When Vo refused to admit that he knew he did not have permission to enter the Capitol, the Court would not accept his guilty plea.

2. Vo also had another opportunity to accept responsibility for his crimes, which he did not take. On June 21, 2023, the government made Vo a second plea offer, this time to Count One. On July 18, 2023, Vo's then-counsel emailed government counsel to inform them that Vo declined that offer and wished to proceed to trial.

3. Further, Vo had a third opportunity to accept responsibility for his crimes, which he again did not take. At the pretrial conference on September 1, 2023, Vo was arraigned on a superseding information. That superseding information altered some text but made no substantive changes to the charges against Vo. When he was arraigned, the Court asked Vo how he pled to each charge, and Vo pleaded not guilty to all counts. Tr. 9/1/2023 at 3:9-21.

4.  At the same hearing, after Vo again pleaded not guilty, the Court took note of Vo's choice to reject the plea offers and proceed to trial:

> THE COURT: And I believe, if my memory serves me correctly, this case we were actually in the process of doing a change of plea hearing, which broke down. After that point, Mr. Ohm became counsel for Mr. Vo. And so I know that Mr. Ohm is very experienced and diligent counsel, and I know he's gone over all the ramifications and potential outcomes and consequences of proceeding to trial. And I'm here every day. I don't get involved in plea negotiations, and I don't ever punish anyone for going -- for exercising their right to put the government to its burden.
>
> However, as I recall, the plea in this case was to one count with dismissal of the remaining counts. Mr. Vo, in rejecting that, has therefore chosen to go to trial on all the counts in the information, which would mean he's facing a different range should he be convicted of more than one those counts. So I'm sure Mr. Ohm has gone over that with him, but I'm just putting that on the record.
>
> Tr. 9/1/2023 at 4:1-17.

5.  Vo argues that the Court was required to accept his guilty plea based on his answers during the Rule 11 colloquy. ECF 138, 5-6. But a defendant has no absolute right to have a guilty plea accepted and a court may exercise its judicial discretion to refuse a defendant's plea of guilty. *See United States v. Maddox*, 48 F.3d 555, 558 (D.C. Cir. 1995). A court may exercise that discretion and reject a guilty plea even where a defendant merely "*appeared* reticent and *seemed* to deny guilt[.]" *Id.* at 556.

6.  Here, the Court's decision not to accept Vo's guilty plea at the March 18, 2022 change-of-plea hearing was well within its discretion. Vo, more than "seem[ing]" to deny his guilt, actually refused to admit to an element of the crime—that he acted willfully and knowingly. At the hearing, Vo stated that, "police officers were standing in front [of the entrance], and they gave me no indication that I couldn't enter in. They never said that I couldn't enter in." Tr. 3/18/2022 at 23:19-22.  The statute Vo was charged with violating, 40 U.S.C. § 5104(e)(2)(G), criminalizes conduct that a person engages in "willfully and knowingly." Vo's insistence that he did not know

2

he could not enter the Capitol is a denial that he engaged in the conduct at issue with the adequate *mens rea* to form the basis of his crime. Without such an admission, the Court had no factual basis to accept Vo's guilty plea. Because Vo refused to acknowledge his guilt, the Court's refusal to accept his plea was proper and within its discretion.

7. Indeed, as outlined in the government's sentencing memorandum, Vo continues to dispute his guilt. ECF No. 142 at 10-12. In his Twitter bio, he calls himself a "wrongful convict," and in a recent post, he referred to his trial as a "kangaroo court." *Id.* In an interview held after his conviction, he persisted in his claim—which the jury rejected—that "I thought I was allowed to go in[to the Capitol]" and claimed that "[b]y the time I got to the grounds, to the Capitol doors,] the video all showed all that [signage and barriers] had been taken away …." *Id.* In other words, Vo was claiming (falsely) that there was nothing to alert him, at any point, that he was not allowed on the restricted portion of the Capitol grounds or inside the Capitol building. Vo continues to deny that he had the *mens rea* necessary to commit any of the offenses with which he is charged, and of which he has been convicted.

8. The record is clear that Vo had ample opportunities to change the course of events that lead to his trial and convictions, yet still disputes the underlying facts. Less than two weeks before his sentencing, Vo cannot rewrite the history of his case and go back on the decisions that have brought him here. The Court should proceed with Vo's sentencing as planned.

9. For the foregoing reasons, the government respectfully asks the Court to deny the defendant's motion to stay his sentencing and proceed with sentencing as scheduled on April 10, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Lynnett M. Wagner*
      LYNNETT M. WAGNER
      Nebraska Bar No. 21606
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      Tel: (402) 661-3700
      Email: lynnett.m.wagner@usdoj.gov

      /s/ Eric Boylan
      Eric Boylan
      Texas Bar No. 24105519
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      Email: eric.boylan@usdoj.gov