IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | Case No. 21-cr-00509-1 (TSC) |
| | * | |
| **ANTONY VO**, | * | |
| **Defendant** | * | |
| | * | |

ooOoo

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO VACATE VERDICT**

The government's Response (ECF 144) fails to address the key issue: whether the offense of parading, demonstrating, or picketing in the Capitol, in violation of 40 U.S.C. § 5104(e)(2)(G) requires proof that Mr. Vo knew that he was not authorized to enter the building. The government cites no case that such proof is an element of §5104(e)(2)(G). If not an element, then that fact was "external" to the guilty plea and "irrelevant to establishing a factual basis for the plea." *United States v. Washington*, 969 F.2d 1073, 1078 (D.C. Cir. 1992). In that circumstance, the Court's refusal to accept Mr. Vo's plea because he did not immediately admit an external fact (whether he knew that he did not have permission to enter the Capitol) was an abuse of discretion. *Id.*

    **A.**    **The Court Abused Its Discretion When it Rejected Mr. Vo's Guilty Plea Because He Did Not Admit An External Fact Irrelevant to the Factual Basis for the Plea**

The record shows that Mr. Vo admitted all facts necessary to provide a factual basis for the plea. *See* Guilty Plea Tr (ECF 49) at 20-23. Only when asked about an "external fact" did he seek to explain the mixed signals he had perceived as to whether he was authorized to enter the Capitol.

> THE COURT: . . .At the time you entered the Capitol building on January 6, 2021, did you know that you did not have permission to enter the building?

> THE DEFENDANT: I think at first -- well, the thing is, like, I was standing at the entrance for the longest time, and I guess I wasn't given much indication, because police officers were standing in front there, and they gave me no indication that I couldn't enter in. They never said that I couldn't enter in. They gave a thumb's up to, you know --

Guilty Plea Tr (ECF 49) at 23.

As the DC Circuit has explained,

> To establish a factual basis for a guilty plea, the defendant need only admit to the conduct which "constitutes the offense charged in the indictment ... or an offense included therein." The offense to which Gedde attempted to plead guilty is a violation of 21 U.S.C. § 841(a)(1) – the distribution of cocaine. The statute prohibits "any person" from knowingly and intentionally distributing cocaine. Id. Gedde was willing to admit that he knowingly and intentionally distributed cocaine on August 1, 1990. His admission would have included all facts necessary to establish guilt under section 841(a)(1). The actions of Washington [the co-defendant] are external to the offense and irrelevant to establishing a factual basis for the plea.
> . . .
> In this case, however, the charge was distribution, not conspiracy. An individual is capable of committing this offense irrespective of the actions of any other person. The distribution can be perpetrated alone, and guilt is contingent upon the actions of no one but the defendant himself. Since Gedde did not in any way hedge his own guilt by asserting the innocence of Washington, and since Gedde was willing to proffer all facts necessary to establish the elements of a distribution offense, his plea had a sound factual basis as required by Rule 11.
> . . .
> We recognize that a trial court has broad discretion in disposing of guilty pleas. However, on this record, where the defendant attempted to (1) admit he was guilty of distributing cocaine, (2) admit to all facts necessary to establish the elements of the offense without proffering facts hedging his own guilt, and (3) knowingly and voluntarily enter the plea, the trial court's rejection was an abuse of discretion.
>
> Contrary to the Government's contentions, we hold that it is irrelevant . . . that the defendant was not willing to take a position on facts that were external to the offense. . . .

*Washington*, 969 F.2d at 1077–79 (internal citations omitted).

The plain text of § 5104(e)(2)(G) does not require proof that a defendant know that he was not authorized to enter the Capitol. The only proof necessary is that the defendant knowingly and wilfully paraded, demonstrated or picketed in any of the Capitol Buildings. *See United States v. Nassif,* No. 23-3069, 2024 WL 1515004, at *3 (D.C. Cir. Apr. 9, 2024) (§ 5104(e)(2)(G) prohibits individuals or groups of individuals from willfully and knowingly parading, demonstrating, or picketing in any of the Capitol Buildings); *United States v. Munchel*, No. 1:21-CR-118-RCL, 2023 WL 2992689, at *4 (D.D.C. Apr. 18, 2023) ("government must show that the defendants "parade[ed], demonstrate[ed], or picket[ed] in any of the Capitol Buildings"). The terms "wilfully" and "knowingly" modify the elements of parading, demonstrating or picketing while in the Capitol building. The statute does not refer in any fashion to authorization to enter the Capitol. Indeed, § 5104(e)(2)(G) was intended to reach any parades, demonstrations or picketing within the Capitol, regardless of whether entry was authorized. *See Nassif*, supra (Congress intended to prohibit parading, demonstrating, and picketing within the Capitol, a building where it conducts business) . Nothing in the statute nor the jury instructions requires proof that the defendant knew he was not unauthorized to enter. *See* Jury instructions at 13-14.

The record in this case is that Mr. Vo readily admitted the facts necessary to provide a factual basis for the plea, in particular he affirmed after "triple-checking" the Statement of Offense that he addmitted the following:

> 8. The defendant, Antony Vo, lives in Bloomington, Indiana. On January 5 or 6, 2021, the defendant and a family member traveled to Washington, D.C. for the purpose of protest Congress' certification of the Electoral College on January 6, 2021.

> 9. On January 6, defendant entered the Capitol Building at approximately 2:25 p.m. through a door on the west side of the Capitol Building, accessible through the Capitol's Upper West Terrace. The door had been breached by rioters before the defendant's entry. The defendant and his family member were together as they approached the Capitol but separated for a period when the the defendant entered the building; she later joined him inside. The defendant and his family member arrived in the rotunda at around 2:40 p.m. While in the rotunda, the defendant took one or more pictures of his family member using his cell phone. Then, the defendant gave his phone to another member of the crowd so that he and his family member could pose for a photo in the Rotunda. The other member of the crowd handed the defendant an American flag, which he held in this photo. The defendant and his family member left the Capitol at approximately 3:05 p.m. by way of doors on the east side of the Capitol Building, near the Rotunda.
>
> 10. On January 6, 2021, at approximately 1:38 p.m., the defendant received a message via Facebook asking "Are you going to the rally in D.C.?" At approximately 8:21 p.m., well after the defendant had left the Capitol, the defendant answered "Yes" and explained "My [family member] and I helped stopped the vote count for a bit." The defendant continued explaining "we were peaceful for the most part" but that he "met a guy that stole Nancy pelosi's [g]avel." In a different Facebook conversation, the defendant claimed that "the police pretty much opened [the Capitol] for us" but then explained "yeah they stood down and retreated after we clearly outnumbered them."
>
> 11. The defendant also wrote about his participation in the riot through Instagram messages. On the evening of January 5, 2021, a friend of the defendant's wrote through Instagram "Rush the main entrance, security is week" and then "Sorry if I just got you geofenced by USS."  The defendant replied "too late." After the riot, the defendant sent this person a photo of him and his family member, posing in the Rotunda. This person replied "you're a patriot" and the defendant wrote "It was so fun . . . My [family member] and I stormed it [the Capitol] lol." The defendant wrote to at least two other Instagram users, on January 6 and 7, 2021, that he and his family member had stormed the Capitol.

Statement of Offense at 3-6.  Indeed, Mr. Vo explicitly answered yes when the Court asked if he

"knowingly and voluntarily admit to all the elements of the offense which you're pleading guilty to?"

Tr at 22.

### B. Mr. Vo Suffered Prejudice Which Could Not Be Dissipated by the Offer of Later, Less Favorable Pleas

Mr. Vo suffered prejudice as a result of the Court's rejection of his plea as he was ultimately convicted by a jury of additional and more serious offenses than the one to which he sought to plead guilty, he suffered prejudice as the result of the Court's refusal, for insufficient reasons, to accept his plea. *United States v. Maddox*, 48 F.3d 555, 560 (D.C. Cir. 1995) (obvious that the District Court's error was prejudicial in this case as both defendants were convicted of several offenses in addition to those involved in their plea agreements). The prejudice is also clear from the fact that the government is recommending a sentence of eleven months, which exceeds the statutory maximum for the § 5104(e)(2)(G) offense to which he sought to plead. *See United States v. Washington*, 969 F.2d at 1079 (prejudice is apparent "where the rejection of the plea leads to conviction of a greater offense than that offered in a plea agreement."). It is also clear by the fact that in the majority of cases involving guilty pleas to § 5104(e)(2)(G) charges, the government has recommended sentences of probation and district court judges have imposed probationary sentences. *See* SENTENCES IMPOSED IN CASES ARISING OUT OF THE EVENTS OF JANUARY 6, 2021, Table 2: Cases in which the government recommended a probation sentence with home detention.[1]

Moreover, the fact that Mr. Vo did not accept later less favorable plea offers does not dissipate the prejudice he suffered nor eliminate the fact that the Court abused its discretion by rejecting the plea. The government cites no case that supports its contention. Indeed, it is clear that the opportunity to accept a less favorable plea than one earlier available does not dissipate the

---

[1] https://www.justice.gov/usao-dc/media/1331746/dl?inline

prejudice. *See, e.g., Missouri v. Frye*, 566 U.S. 134, 148 (2012) (*Strickland* prejudice requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the more favorable terms earlier proposed).

## CONCLUSION

For all these reasons, and for any other reasons that are just and fair, Mr. Vo respectfully requests that the Court accept his guilty plea to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) and vacate the verdict of guilt on the other counts.

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record this 9th day of March, 2024 on all counsel of record via ECF.

/s/

**Carmen D. Hernandez**