IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| vs. | *   Case No. 21-cr-00509 (TSC) |
| | * |
| ANTONY VO, | * |
|     Defendant | * |
| | * |

ooOoo

**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL
AND FOR EXTENSION OF HIS REPORTING DATE
UNTIL THE BAIL PENDING APPEAL ISSUE IS RESOLVED**

    Antony Vo, by his undersigned counsel, respectfully moves this Honorable Court, pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Federal Rules of Criminal Procedure 38(b)(1) and 46(c), for release pending appeal. Mr. Vo satisfies the criteria for release pending appeal because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal will raise substantial questions of law and fact that — if decided in his favor — would result in the reduction of his sentence to a term of imprisonment less than the total time he will serve during the appeal process.

    He also respectfully moves this Honorable Court to extend the date that he must report to the Bureau of Prisons, which presently is June 14, 2024 for 30 days, or until his request for bail pending appeal is resolved by this Court or the Court of Appeals.

    The government opposes this motion.

**GROUNDS FOR RELEASE PENDING APPEAL**

Mr. Vo meets the statutory criterial for release pending appeal. This Court "shall order the release" of the defendant pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

 (i) reversal,

 (ii) an order for a new trial,

 (iii) a sentence that does not include a term of imprisonment, or

 (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §§ 3143(b)(1) and 3142(c).

The defendant bears the burden of showing that both statutory prongs of subsection (A) and (B) are met. *United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987).

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two-step inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)–(iv)]?" Perholtz, 836 F.2d at 555. "[A] substantial question is a close question or one that very well could be decided the other way." Id. (citations and punctuation omitted).

**A.    Mr. Vo Poses No Flight or Safety Risk.**

There is no dispute that Mr. Vo poses no risk of flight or risk to the safety of the community. Mr. Vo has been on pretrial release since the inception of the case against him in July 2021.[1] During that time, the government has never alleged that he posed a risk of flight nor to the safety of the community. He has no history of violence. This Court has not found that he poses a risk of flight or danger to the community.

Following conviction and sentencing, the Court continued him on pretrial release permitting him to self-surrender to the Bureau of Prison, once notified to do so.[2]

**B.    Mr. Vo Will Have Served The Entire Term of Imprisonment Before the Court of Appeals Decides His Case**

In Mr. Vo's case, the Court of Appeals has yet to establish a briefing schedule. Under the circumstances, it is highly improbable if not impossible than the Court of Appeals will decide Mr. Vo's appeal before he completes service of the 9-months' imprisonment this Court imposed.

Typically, the appeal process from the filing of the notice of appeal to a decision, particularly after a trial takes a year or more. For example, the notice of appeal in *Griffin,* which involves a January 6 case that will decide the elements of 18 U.S.C. § 1752(a)(1), one of the offenses of which

---

[1]  Minute Entry, 7/26/21; Order Setting Conditions of Release (ECF 7, filed 7/26/21).

[2]  The only glitch in his pretrial release occurred while he was in DC for the trial, when he attended vigils that are held nightly outside the DC Jail. While there, he comported himself without any problems. His presence at those activities resulted from a misunderstanding about how the pretrial restrictions applied while lawfully in DC for the trial and not as a result of any willful intent to violate conditions. Indeed, as he told the Court during his sentencing, his then-counsel, an Assistant Federal Defender was aware that he would be attending the vigils. The Court nonetheless continued him on pretrial release at the time. No other problems have arisen since then.

Mr. Vo stands convicted, was filed on June 29, 2022.[3]  Oral argument in *Griffin* was held on December 4, 2023; a decision is still pending.

**C.     Mr. Vo's Appeal Raises Substantial Questions and Is Not for the Purpose of Delay**

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *Perholtz*, 836 F.2d at 555 (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Mr. Vallejo's appeal establishes a likelihood of reversal. *See Bayko*, 774 F.2d at 522-23.  Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well could be decided'" in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

**1.     The Court's Decision to Not Accept Mr. Vo's Guilty Plea to a Single Petty Offense Raises a Substantial Question of Law**

On March 18, 2022, Mr. Vo appeared before his Court to enter a plea of guilty to Count Four of the Information (ECF 8), which charged him with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) ("parading offense, a petty offense which carries a statutory maximum penalty of 6-months.[4]  There are two elements to that offense: (1) that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and

---

[3]  *United States v. Griffin*, 22-3042.  The case involved a 2-day bench trial on two misdemeanor charges brought under 18 U.S.C. § 1752, No. 21-cr-0092 (TNM).

[4]  *See* Motion for the Court to Accept Mr. Vo's Guilty Plea ( ECF 138, filed 03/31/24); Plea Agreement (ECF 138-1); Plea Tr. (3/18/22) at 2.

4

(2) that the defendant acted willfully and knowingly.[5]

During the guilty plea hearing and in the signed factual proffer, Mr. Vo admitted all the necessary facts to allow the Court to find that there was a factual basis for the plea based on the elements of the offense.[6] However, when the government prompted the Court to question Mr. Vo as to whether he knew that he was not authorized to enter the Capitol, Mr. Vo sought to explain why he believed that he was not prohibited from entering because no police officer had stopped or otherwise directed him not to enter and because the door he entered was open. Whether he knew he was not authorized to enter the Capitol is not an element of the parading offense. Nevertheless, when Mr. Vo did not affirmatively admit that he knew he was not authorized to enter but instead sought to explain his actions, the Court stated that it could not take the plea and the hearing was continued. At no time before trial, did the government offer a plea that did not require Mr. Vo's admission to that extraneous fact. The case law is clear that a defendant may prevail on this issue even where he later rejects a plea that is less favorable. the opportunity to accept a less favorable plea than one earlier available does not dissipate the prejudice. *See, e.g., Missouri v. Frye*, 566 U.S. 134, 148 (2012).

There is ample binding authority that when a trial judge is "presented with a *factual basis for the plea* . . . an intelligent and counseled guilty plea should not be refused." *See, e.g., United States v. Gaskins,* 485 F.2d 1046, 1049 (D.C. Cir. 1973). During a guilty plea, a defendant is not required to admit a fact that is not an element of the offense to which he seeks to plead guilty. *United States v. Washington*, 969 F.2d 1073, 1078 (D.C. Cir. 1992). A fact that is not an element, is "external"

---

[5] *See* Instructions in the instant case (ECF 138-2) at 13-14; Trial Tr. (9/22/23) at 1283.

[6] Plea Tr. (3/18/22)

5

to the guilty plea and "irrelevant to establishing a factual basis for the plea." *Id.* In that circumstance, a district court's refusal to accept a plea has been found to be an abuse of discretion. *Id.*

In its opposition to Mr. Vo's motion, the government argued that the Court had discretion to reject the plea, citing a case that stands for the proposition that a court may reject a plea where the defendant "appeared reticent and seemed to deny guilt." *United States v. Maddox*, 48 F.3d 555, 556 (D.C. Cir. 1995). However, in this case, the record is clear that Mr. Vo explicitly and without hesitation admitted all the facts necessary to support the parading charge. His only hesitation involved an extraneous fact. In denying Mr. Vo's motion, the Court adopted the government's view of the issue. However, as the D.C. Circuit has made clear a district court's decision whether to accept or reject a plea is reviewable and subject to being reversed on appeal:

> We recognize that a trial court has broad discretion in disposing of guilty pleas. However, on this record, where the defendant attempted to (1) admit he was guilty of distributing cocaine, (2) admit to all facts necessary to establish the elements of the offense without proffering facts hedging his own guilt, and (3) knowingly and voluntarily enter the plea, the trial court's rejection was an abuse of discretion.
>
> Contrary to the Government's contentions, we hold that it is irrelevant. . . that the defendant was not willing to take a position on facts that ere extewrnal to the offense. . . .

*Washington*, 969 F.2d at 1077–79 (internal citations omitted) (reversing district court).

Had the Court accepted Mr. Vo's plea, he would have faced a maximum penalty of six-months imprisonment for the petty offense. Moreover, the Court would have been faced with the decision whether to send Mr. Vo to prison without additional supervision or impose supervision without prison.[7] Thus, the Court's decision not to accept Mr. Vo's plea prejudiced him. *Maddox*,

---

[7] *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023), which held that a defendant convicted of a single petty offense may not be sentenced both to imprisonment and to probation for that offense.

48 F.3d at 560 (D.C. Cir. 1995) (obvious that the District Court's error was prejudicial in this case as both defendants were convicted of several offenses in addition to those involved in their plea agreements). Prejudice is also shown by the fact that in the majority of cases involving guilty pleas to § 5104(e)(2)(G) charges, the government has recommended sentences of probation and district court judges have imposed probationary sentences.[8]

The decision of the Court not to accept Mr. Vo's plea presents a "substantial question" as the D.C. Circuit has defined that term. *See Perholtz*, 836 F.2d at 555. The Court is not required to find that Mr. Vo's appeal establishes a likelihood of reversal. The Court must simply "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "very well could be decided" in the defendant's favor. *Id.* At a minimum, this issue is one that "very well could be decided" in Mr. Vo's favor in light of the several D.C. Circuit decision involving extraneous facts where the Circuit has ruled in defendants' favor. Accordingly, Mr. Vo has met his burden of showing that the appeal on this question raises a "substantial question."

**2.      The Elements of the § 1752 Offenses Raise a Substantial Question**

It is evident that the mens rea elements of the two § 1752 raise a substantial question. More than six months since the D.C. Circuit heard oral argument in the *Griffin* case, *supra,* the Court of Appeals has not yet issued an opinion.

---

[8] *See* SENTENCES IMPOSED IN CASES ARISING OUT OF THE EVENTS OF JANUARY 6, 2021 at https://www.justice.gov/usao-dc/media/1331746/dl?inline.

In addition, courts in this district "have split nearly down the middle on the question" whether the statute requires knowledge as to the presence of a Secret-Service protectee. *See United States v. Easterday*, No. CR 22-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024):

> [Defendant's] contention that the statute requires knowledge as to the presence of a Secret-Service protectee is not without force. Four have endorsed Easterday's reading. *United States v. Samsel*, No. 21-537, ECF No. 345, at 32–33 (D.D.C. Feb. 9, 2024) (Cobb, J.); *United States v. Groseclose*, 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024) (Cooper, J.); *United States v. Elizalde*, 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023) (Nichols, J.); *United States v. Hostetter*, 2023 WL 4539842, at *4 (D.D.C. July 13, 2023) (Lamberth, J.). A cadre of six has rejected it. *See United States v. Warnagiris*, No. 21-382, ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024) (Friedman, J.); *United States v. Chambers*, No. 23-300 (D.D.C. Mar. 14, 2024) (Friedrich, J.); *United States v. Nester*, No. 22-183 (D.D.C. Mar. 5, 2024) (Chutkan, J.); *United States v. Carnell*, 2024 WL 639842, at *14 (D.D.C. Feb. 15, 2024) (Howell, J.); *United States v. Rhine*, No. 21-687, ECF No. 104, at 4 (D.D.C. Apr. 24, 2023) (Contreras, J.); *United States v. Griffin*, No. 21-92, ECF No. 106, at 330–32 (D.D.C. Mar. 22, 2022) (McFadden, J.). This discord is not long for this world, thankfully, as the D.C. Circuit is expected to decide this issue in the reasonably near future in *United States v. Griffin*, No. 22-3042 (oral argument held December 4, 2023).

While the Court at sentencing sought to avoid the issue by indicating that it would sentence Mr. Vo the same even if the § 1752 offenses were vacated, the sentence it imposed is not consistent with that sentiment. Even after calling back Mr. Vo to correct and resentence him in an attempt to abide by the petty offense limitations that would prohibit both imprisonment and supervision, the Court imposed a sentence that would be illegal under *Little* if the § 1752 offenses were vacated. If only the two petty offenses survive *Griffin,* then the Court would have to vacate either one of the prison terms or the term of supervised release. The sentence the Court imposed even on a second try and with full understanding that *Little* prohibits imposition of "post-confinement monitoring"

undermines the notion that the Court would have imposed the same sentence. The sentence the Court imposed certainly makes it appear that the Court wanted to impose a substantial sentence of imprisonment and thereafter maintain supervision over Mr. Vo, no matter the Court's prediction that it would not have sentenced him differently had he only been convicted of the two petty offenses.

Moreover, while a Court may be able to avoid re-sentencing a defendant by announcing that it would have imposed the same sentence even if some of the convictions were reversed, that is not the usual practice where as here the offenses subject to reversal are the most serious offenses. Thus, in analogous situations, where the most serious count of conviction is pending resolution by an appellate court, other judges have stayed sentencing until the decision is resolved. *See, e.g., United States v. Bennett,* No. 21-cr-00312-1 (JEB), Minute Order, 1/4/24 ("The Court will stay Sentencing until after the Supreme Court decides U.S. v. Fischer"); *United States v. Crowl*, No. 21-cr-28-2 (APM), Minute Order, 3/15/24 (same); *United States v. Groseclose*, No. 21-cr-311 (CRC), Minute Order, 3/7/24) (same).

In addition, as factual matter, the argument makes little sense. Judges in this district generally sentence persons convicted of the § 1752 offenses more harshly than those convicted only of the petty offenses. The government itself generally recommends more severe sentences for § 1752 offenders. The Sentencing Guidelines apply to the § 1752 offenses but not to the petty offenses, thus constraining the court's sentencing discretion to some extent.

The government had also argued that there would be "no change" in any of the § 3553(a) factors if Mr. Vo were only facing sentencing on two petty offenses instead of two petty offenses plus two 1-year misdemeanors also makes little sense. That makes no sense as a matter of law. The § 3553(a) factors a court must consider at sentencing would definitely be impacted for a person

convicted of only two petty offenses, which are not even covered by the Sentencing Guidelines. In particular, the following § 3553(a) factors would be directly impacted:

- § 3553(a)(2)(A) ("the need for the sentence imposed to reflect the seriousness of the offense . . . and to provide just punishment for the offense");

- § 3553(a)(3) ("the kinds of sentences available")

- § 3553(a)(4) & (5) (consideration of the sentencing guidelines and policy statements);

- § 3553(a)(6) ("need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

In sum, it is difficult to see how a district court that complies with the statutory sentencing mandates set out in § 3553(a) can impose the same sentence on a defendant who would stand convicted of only two petty offenses versus one convicted of two additional 1-year offenses. No matter how hard a court would try, it just is not possible under the sentencing scheme established by Congress to sentence such disparate offenses in the same manner. The government itself generally recommends a sentence of imprisonment for § 1752 offenses, whereas it does not generally recommend imprisonment for petty offenders.[9] That is consistent with the guideline calculation applicable in § 1752 cases. For example, Mr. Vo's sentencing range for the § 1752 offenses resulted in a recommended imprisonment range of 8 to 14 months. In contrast, the petty offenses would have no guideline calculation and no recommended range.

Thus, the Court's statement that it would have imposed the same sentence no matter how the

---

[9] The overwhelming majority of defendants convicted solely of petty offenses receive no prison time; a tiny minority receive short terms of imprisonment ranging around 30 days. *See* US DOJ, Sentences Imposed in Cases Arising out of the Events of January 6, 2021 at pp 1-9 at https://www.justice.gov/usao-dc/media/1331746/dl?inline.

*Griffin* case is resolved may have been aspirational. It certainly is not not supported by the factual record maintained on the DOJ website, which lists the sentences imposed in the more than 1200 cases that have been sentenced for J6 prosecutions as of June 10, 2024.

### 3. The Definition of "Disorderly or Disruptive Conduct" in Counts Two and Three Also Raise a Substantial Question

Counts 2 and 3 of the Superseding Information involve charges that require proof of "disorderly or disruptive" conduct by the defendant.[10] After the D.C. Circuit affirmed his conviction, the defendant in an unrelated January 6 case filed a petition for certiorari. *See United States v. Alford,* 89 F.4th 943, 950 (D.C. Cir. 2024) ("even passive, quiet and nonviolent conduct can be disorderly")[11]; S. Ct. No. 23-7158 (petition for cert. docketed, 4/8/24). When the United States waived its right to respond to the cert. petition, the Supreme Court ordered the Solicitor General ("SG") to file a response which is due on June 24, 2024. The question presented by the petition is whether the terms "disorderly" and "disruptive" narrow the types of conduct criminalized or whether mere presence may violate the statutes.

In ordering the SG to respond to Alford's cert petition, the Supreme Court deviated from its standard practice. While directing a response from the SG does not mean that the Supreme Court will reverse the DC Circuit's *Alford* decision, it certainly supports Mr. Vo's argument that his appeal presents a substantial question, namely "a close question or one that very well could be decided the other way" that his passive

---

[10] Count Two charges a violation of 18 U.S.C. § 1752(a)(2), which prohibits "disorderly and disruptive conduct" in or around a restricted building or grounds; and 40 U.S.C. § 5104(e)(2)(D), which prohibits "disorderly or disruptive conduct" in any Capitol building or Grounds.

[11] *Alford* was convicted by a jury in a case presided by this Court.

11

**D.     Resolution of the Substantial Questions in Mr. Vo's Favor Would Result in Vacating His Convictions or a Reduced Imprisonment Sentence That Would Likely Expire Before the Appeal Concludes.**

If decided in Mr. Vo's favor, the plea issue set out above would result in a reduced sentence that warrants release pending appeal, with the Court having to decide whether to imprison Mr. Vo or order supervision. Under the bail statute, the issue is "likely to result in" "a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appellate process." 18 U.S.C. § 3143 (b)(1)(B)(iv). The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[12] In the instant case, briefing has not even begun. And as the *Griffin* case shows, the current time interval may be longer that the most recent available statistics, which date from fiscal year 2021.

Aside from sentencing, the § 1752 counts against Mr. Vo face could result in their reversal or a new trial with modified jury instructions. These substantial questions strongly support release. *See* 18 U.S.C. § 3143(b)(1)(B)(i), (ii) and (iii) (release appropriate for questions likely to result in reversal, new trial or sentence that does not include imprisonment). At a minimum, the § 1752 issues would require a resentencing, and a reduced sentence of imprisonment that would be less than the expected duration of the appellate process.

---

[12] U.S. Courts of Appeals – Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), available at https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

## CONCLUSION

For these reasons, Mr. Vo respectfully moves for an order allowing him to continue on pretrial release pending appeal.

Mr. Vo also respectfully requests that this Honorable Court extend the date that he must report to the Bureau of Prisons, which presently is June 14, 2024 for 30 days until the Bail pending appeal issue is resolved before this Court and, if necessary, on appeal to the D.C. Circuit. As the Bail Reform Act, 18 U.S.C. § 3145 requires a "prompt" determination of any appeal from a detention order, this request for a short extension is not likely to involve unnecessary delay.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 12th day June, 2024.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**